UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20979-JEM

MICHAEL NEWMAN, as Personal Representative
of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

    *Plaintiffs*,

v.

AMERICAN HOME ASSURANCE
COMPANY, INC.,

    *Defendant*.

_____/

## JOINT SCHEDULING REPORT

Plaintiffs, Michael Newman, as Personal Representative of the Estate of Joel Newman, and Edith Newman (collectively, "Plaintiffs") and American Home Assurance Company, Inc., ("Defendant"), by and through their undersigned counsel, respectfully submit this Joint Scheduling Report and Proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f), and Local Rule 16.1:

**I.    DIFFERENTIATED CASE MANAGEMENT TRACK SELECTION**

Complex Track.

**II.    REPORT OF THE PARTIES' FED. R. CIV. P. RULE 26(F) CONFERENCE**

    **A.  Likelihood of Settlement**

At this time, settlement prospects are unknown. The parties agree to communicate in good faith regarding settlement opportunities.

    **B.  Likelihood of Appearance of Additional Parties**

At this time, the parties do not anticipate the appearance of additional parties. Should any party seek to additional parties, the party will seek leave consistent with the Court's deadlines.

### C. Proposed Time Limits

The parties have received and reviewed in detail the Court's May 11, 2022 Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge (the "Case Management Order"). Although the Case Management Order states that the parties are not required to file a Joint Proposed Scheduling Order at this time, because the parties have conferred at length about the schedule set by the Court in its May 11, 2022 Order and strongly believe additional time is needed in light of, among other things, the nature and scope of discovery and related disputes, and the press of other immovable business including a three-week trial set for December 5, 2022 in which counsel for both parties are participating. For that reason, the parties respectfully propose an alternative schedule, below.

### D. Proposals for the Formulation and Simplification of Issue.

The parties intend to seek entry of a confidentiality agreement and stipulated protective order to address the anticipated exchange of confidential, personal and/or proprietary information. None others at this time other than as set forth herein.

### E. Necessity or Desirability of Amendments to the Pleadings

Plaintiffs intend to seek leave to add a claim for punitive damages at the appropriate time in accordance with Federal procedure and applicable Florida law. Defendant reserves the right to seek leave to amend consistent with the Court's deadlines.

### F. Possibility of Obtaining Admission of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings From the Court on Admissibility of Evidence

CASE NO. 1:22-cv-20979-JEM

The parties agree to confer in good faith at the appropriate juncture regarding possible evidentiary stipulations, and believe it will be possible to stipulate to the admission of at least some facts and documents, and to stipulate to the authenticity of most documents and communications produced by the parties in connection with this litigation. The parties anticipate that advance rulings from the Court on the admissibility of certain evidence will be necessary.

**G. Avoidance of Unnecessary Proof and Cumulative Evidence**

The parties agree to confer in good faith at the appropriate juncture to avoid unnecessary proof and cumulate evidence.

**H. Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master**

Other than discovery-related matters, the parties do not consent to have matters referred to the Magistrate Judge or a special Master.

**I. Preliminary Estimate of the Time Required for Trial**

The parties estimate they will need **7-10 days** for trial.

**J. Requested Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial**

>  Trial:                          October 16, 2023
>  Final Pre-Trial Conference:  October 2, 2023

**K. Any Issues About: (i) Disclosure, Discovery, or Preservation of Electronically Stored Information; (ii) Claims of Privilege or of Protection as Trial-Preparation Materials; and (iii) When the Parties Have Agreed to Use the ESI Checklist Available on the Court's Website (www.flsd.uscourts.gov), Matters Enumerated on the ESI Checklist**

The parties do not anticipate any disputes concerning the disclosure, discovery or preservation of ESI or that an agreement to use the Court's ESI checklist will be necessary. The parties anticipate that discovery will yield documents that are confidential and/or protected by privilege or immunity. The parties intend to enter into a confidentiality and non-waiver agreement and to seek entry of a stipulated protective order to facilitate discovery of confidential information and to address the inadvertent disclosure of information protected by privilege or immunity.

**L. Other Information that Would be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

In accordance with the Court's May 11, 2020 Case Management Report, the parties state as follows:

   i. <u>Trial Format</u>:  Jury Trial

   ii. <u>Outline of Legal Elements of Claims and Defenses Raised by Pleadings[1]</u>:

      a. *Plaintiffs' Outline of Their Claims*: Bad faith on the part of an insurance company includes:

         a. Failing to pay a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its policyholder and with due regard for his interests.

         b. When the insurance company and/or its agents make material misrepresentations with the purpose and intent of effecting payment of a claim, loss, or damage on less favorable terms than those provided in and contemplated by the insurance policy.

         c. Where the insurance company fails to conduct a timely and reasonable investigation of the insured's claim, including as to the cause and amount of loss, fails to implement standards for the proper investigation of claims, fails to act promptly in response to communications relating to the claim, and fails to provide timely and reasonable explanations concerning the nature and necessity of information requested.

         d. Bad faith conduct is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the bad faith conduct, the damage would not have occurred.

            In order to be regarded as a legal cause of damage bad faith conduct need not be the only cause. Bad faith conduct may be a legal cause of damage even though it operates in combination with some other cause if the bad faith conduct contributes substantially to producing such the damage.

---

[1] The parties reserve the right to supplement and amend these elements of their claims and defenses as they deem appropriate as this case proceeds.

    Bad faith conduct may also be a legal cause of damage even though it operates in combination with some other cause occurring after the bad faith conduct occurs if such other cause was itself reasonably foreseeable and the bad faith conduct contributes substantially to producing such damage or damages was a reasonably foreseeable consequence of the bad faith conduct and the bad faith conduct contributes substantially to producing it.

  e. <u>Compensatory Damages</u>: The compensatory damages recoverable for bad faith consist of those damages which are a reasonably foreseeable result of Defendant's handling of Plaintiffs' claim.

  f. <u>Punitive Damages</u>: Punitive damages are warranted if the jury finds by clear and convincing evidence that: Defendant's acts giving rise to the violation(s) (1) occurred with such frequency as to indicate a general business practice; and, (2) were (a) willful, wanton, and malicious, or (b) in reckless disregard for the rights any insured.[2]

  g. <u>Attorneys' Fees and Costs</u>: An insured, as the prevailing party, in an action brought pursuant to Section 624.155 of the Florida Statutes and the incorporates sections of Section 626.9541(1) of the Florida Statutes, is entitled to recover court costs and reasonable attorney's fees incurred.

 iii. *Defendant's Outline of Defenses*:

  a. <u>Failure to State a Claim</u>: The Complaint fails to state claims for which relief can be granted, in whole or in part, because there has been no determination that American Home Defendant breached the insurance policy.

  b. <u>Failure to Mitigate</u>: Plaintiffs' claims are barred in whole or in part and any damages claimed by Plaintiffs should be limited to the extent Plaintiffs failed to mitigation their claimed damages.

  c. <u>Intervening Cause</u>: Plaintiffs' claims against American Home are barred in whole or in part to the extent any damages claimed by Plaintiffs are due to independent intervening causes.

---

[2] Following discovery, Plaintiffs intend to seek leave to amend theirs complaint to add a claim for punitive damages consistent with Florida law.

    d. <u>Estoppel</u>: Plaintiffs' claims against American Home are barred in whole or in part by the doctrine of estoppel. The Plaintiffs failed and delayed providing information to Defendant, resulting in prejudice to Defendant. This conduct forms part of the totality of the circumstances relevant to Plaintiffs' claims.

    e. <u>Res Judicata</u>: Plaintiffs' claims against American Home are barred in whole or in part by the doctrines of res judicata. Plaintiffs may not re-litigate any matters actually raised and determined or which could have been raised and determined in the appraisal proceedings.

    f. <u>Collateral Estoppel</u>: Plaintiffs' claims against American Home are barred in whole or in part by the doctrine of collateral estoppel. Plaintiffs may not re-litigate any issues that were fully litigated and determined in the appraisal proceedings.

    g. <u>Unclean Hands</u>: Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

    h. <u>Failure of Condition Precedent</u>: Plaintiffs' claims are barred in whole or in part by the failure to satisfy the statutory condition precedent to Plaintiffs' claims.

    i. <u>Litigation Privilege/Immunity</u>: Plaintiffs' claims against American Home are barred in whole or in part by litigation privilege/immunity.

    j. <u>Totality of the Circumstances</u>: The totality of the circumstances demonstrates that the conduct of the Plaintiffs and their representatives impeded any realistic opportunity for American Home to settle Plaintiffs' claims for insurance coverage.

    k. <u>Lack of Reasonable Foreseeable Damages</u>: The compensatory damages sought by Plaintiffs are not recoverable damages because such damages are not a reasonably foreseeable result of a specified violation of Fla. Stat. § 624.155 (or Fla. Stat. § 626.9541(1)(i) incorporated therein), and/or are not causally related to American Home's alleged bad faith claims handling.

    l. <u>Pre- and Post-Judgment Interest</u>. Plaintiffs are not entitled to pre- and post-judgment interest as compensatory damages.

iv. <u>Plaintiffs' Good Faith Dollar Estimate of the Specific Dollar Valuation of Actual Damages and Other Relief at Issue</u>:

    a. In excess of $7,000,000.00 in compensatory damages (including the items set forth in Paragraph 113 of Plaintiffs' Complaint [D.E. 1]) (accruing daily);

    b. Approximately $600,000 to $2,000,000 in attorneys' fees depending on point of resolution of this action before the conclusion of trial (if any);

    c. Approximately $150,000 to $600,000 in costs, including expert fees.

    d. Pre-judgement interest (amount to be determined and accruing daily).

    e. While punitive damages are not presently part of the pleadings in this case, if leave to amend is allowed to seek such damages, the Newmans will seek the maximum permissible amount under the law (amount to be determined).

    f. Other damages yet incurred and those which continue to accrue daily.

  v. <u>Need for Variance from the Discovery Limitations Imposed by Local or Federal Rules of Procedure</u>: None

  vi. <u>Magistrate Jurisdiction Election</u>: As set forth in the completed form appended to this report, the parties do not consent to the Magistrate's jurisdiction except for discovery matters as outlined in paragraph 10 of the Court's May 11, 2020 Case Management report.

## PROPOSED SCHEDULE

| Event | Existing Schedule | Parties' Joint Proposal |
|---|---|---|
| Exchange Rule 26(a)(1) Initial Disclosures | Did not set | Complete |
| Joinder of any additional parties | Sept. 12, 2022 | Nov. 7, 2022 |
| Deadline to file motion to amend complaint | Sept. 12, 2022 | Jan. 20, 2023 |
| Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | Oct. 10, 2022 | Feb. 24, 2023 |
| Final written lists containing the names and addresses of all fact witnesses intended to be called at trial by and only those witnesses shall be permitted to testify | Oct. 20, 2022 | Mar. 6, 2023 |

| | | |
|---|---|---|
| Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | Nov. 9, 2022 | Apr. 10, 2023 |
| Fact discovery shall be completed by: | Dec. 29, 2022 | Apr. 21, 2023 |
| Expert discovery shall be completed by: | Dec. 29, 2022 | May 26, 2023 |
| Parties shall select a mediator schedule a time, date and place for mediation | Jan. 9, 2023 | Apr. 28, 2023 |
| Dispositive motions, including summary judgment, shall be filed | Jan. 30, 2023 | May 22, 2023 |
| *Daubert* motions shall be filed by | Jan. 30, 2023 | June 16, 2023 |
| Deposition designations and counter designations shall be filed by: | Not set | Sept. 15, 2023 |
| Mediation shall be completed | Mar. 9, 2023 | Aug. 7, 2023 |
| All pretrial motions and memoranda of law, including motions *in limine* motions, shall be filed by:<br><br>*All motions in limine and the responses shall be limited to one page per issue* | Mar. 24, 2023 | August 25, 2023 |
| Joint pretrial stipulation | Apr. 10, 2023 | Sept. 15, 2023 |
| Jury Instructions | May 1, 2023 | Oct. 2, 2023 |
| Proposed *Voir Dire* Questions | May 3, 2023 | Oct. 2, 2023 |
| Pretrial conference date | Not set | Oct. 2, 2023 |
| Trial date | May 8, 2023 | Oct. 16, 2023 |

Dated:  June 14, 2022

CASE NO. 1:22-cv-20979-JEM

Counsel for Plaintiffs

**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

*/s/ Christopher T. Kuleba*
**R. Hugh Lumpkin**
Florida Bar No. 308196
hlumpkin@reedsmith.com
**Christopher T. Kuleba**
Florida Bar No. 105302
ckuleba@reedsmith.com
**Garrett S. Nemeroff**
Florida Bar No. 111675
gnemeroff@reedsmith.com

Counsel for Defendant

**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Blvd.
Suite 3100
Miami, FL 33131
Telephone: (305) 358-9900

*/s/ Julie Nevins*
**Laura Besvinick**
Florida Bar Number 391158
lbesvinick@stroock.com
asantiesteban@stroock.com
**Julie Nevins**
Florida Bar Number 182206
jnevins@stroock.com

CASE NO. 1:22-cv-20979-JEM

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CIV-20979-MARTINEZ

MICHAEL NEWMAN, as Personal Representative
Of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

       *Plaintiffs*,

vs.

AMERICAN HOME ASSURANCE COMPANY,

       *Defendant*.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

    In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs                Yes _____ No __X__

2. Motions for Attorney's Fees       Yes _____ No __X__

3. Motions for Sanctions            Yes _____ No __X__

4. Motions to Dismiss              Yes _____ No __X__

5. Motions for Summary Judgment   Yes _____ No __X__

6. Discovery                        Yes _____ No __X__

7. Other (specify) _____

06/14/22    /s/ *Christopher T. Kuleba*_____
                 *Counsel for Plaintiffs*

06/14/22    /s/ *Julie Nevins*_____
                 *Counsel for Defendant*