UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20979-JB

MICHAEL NEWMAN, as Personal Representative
of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

    *Plaintiffs*,

v.

AMERICAN HOME ASSURANCE
COMPANY, INC.,

    *Defendant*.

_____/

**PLAINTIFFS' MOTION FOR LIMITED EXTENSION OF TIME TO COMPLETE CERTAIN FACT DEPOSITIONS AND TO EXCHANGE REBUTTAL EXPERT REPORTS ON CLAIM HANDLING ISSUES**

Plaintiffs Michael Newman, as Personal Representative of the Estate of Joel Newman, and Edith Newman, pursuant to Federal Rule of Civil Procedure 16(b)(4), respectfully move for a limited extension of the June 30, 2023 fact discovery deadline to permit the Newmans to take the depositions of Kathy Spinella and D.J. Estep, and to complete the 30(b)(6) deposition of American Home on the remaining areas of inquiry and documents not yet produced by AIG concerning the Newmans' claim for punitive damages. The Newmans also respectfully move for an extension of the July 14, 2023 deadline to exchange rebuttal expert reports on claim handling issues. In support, the Newmans state as follows.

**INTRODUCTION**

Good cause and compelling circumstances warrant a limited extension of the discovery period in this case. First, the Newmans were not able to complete the deposition of Kathy Spinella before the June 30 discovery cutoff because, as conveyed by American Home, Ms. Spinella has

been dealing with a medical issue that prevents her from attending a deposition for the "foreseeable future." The Newmans are sensitive to Ms. Spinella's medical condition and have no intention to take this deposition if doing so would endanger her health. But American Home has refused to meaningfully confer with the Newmans as to any potential reasonable conditions or limitations that might be put in place to alleviate these issues. American Home also ignored the Newmans' proposal to stipulate to the admissibility of documents and statements made by Ms. Spinella as a potential alternative to taking her deposition. Lacking necessary information and cooperation from American Home, the Newmans were forced to move forward and served a deposition subpoena via email to American Home's counsel, who designated Ms. Spinella's address as "c/o undersigned counsel" in American Home's disclosures and discovery responses. But American Home now claims that they lacked authority to accept service, and insists that the Newmans serve Ms. Spinella personally—a former longtime AIG employee. This left insufficient time to re-serve and complete the deposition even if Ms. Spinella was ultimately able to attend on the date noticed.

Additional time is also needed to take the deposition of D.J. Estep, the building consultant for Haag Construction who prepared one of the damage estimates that AIG used in handling the Newman claim. Simply put, Mr. Estep has willfully evaded service multiple times, as documented below, and now claims to be in New York until October.

Finally, good cause and compelling circumstances require additional time for the Newmans to complete the 30(b)(6) deposition of American Home and to serve claim handling expert rebuttal reports. This is based on American Home's failure to produce a witness on areas of inquiry related to the Newmans' punitive damages claim and American Home's own affirmative defenses, and its objection to producing key documents to be addressed at the upcoming July 11, 2023 discovery hearing. In short, outstanding and timely served discovery warrants a limited extension of time to

complete this deposition and to exchange rebuttal expert reports on insurance claim handling and general business practice issues.

## BACKGROUND

On April 3, 2023, the Court entered its Amended Scheduling Order Setting Pretrial and Trial Dates and Establishing Pretrial Procedures. DE 90. The Amended Scheduling Order set this case for jury trial beginning on January 8, 2024, and, as relevant here, set the fact discovery cutoff as June 30, 2023, and the deadline to exchange rebuttal expert reports regarding claims handling as July 14, 2023. Additionally, the deadline to complete expert discovery is August 4, 2023, and dispositive motions are currently due September 6, 2023.

The Newmans have been extremely active and diligent in litigating this case since it was initially filed on March 31, 2022, including voluminous and time-consuming document production and collection efforts, numerous depositions, extensive discovery conferrals, several hearings, and myriad other issues requiring significant time and attention.

As background, beginning in September 2022 after the parties exchanged initial document productions, American Home's 30(b)(6) witness, Patrick Flaherty, was deposed on certain topics related to the Newmans' claim; followed by the deposition of Daniels Brothers, Inc. (AIG's second building consultant on the Newman claim) on November 30, 2022; depositions of Frank Steele and Joe Fernandes on December 6 and December 15, respectively; two 30(b)(6) depositions of Haag Engineering and Haag Construction (AIG's initial engineering and building consultants) on December 22; two 30(b)(6) depositions of Advanced Adjustment (AIG's independent adjuster) on February 22, 2023; the depositions of Edith and Michael Newman on March 9, 2023; Rami Boaziz (the Newmans' public adjuster) on March 15, 2023; and a continued deposition of Mr. Newman on March 30, 2023.

For months, the Newmans have also been requesting and seeking the deposition of Kathy Spinella—a former AIG manager who oversaw AIG's third-party adjusting vendor (Sweet Claims) assigned to the Newman claim. Ms. Spinella's deposition was initially noticed on March 3, 2023, and set for April 10, 2023. On April 4, 2023, American Home's counsel advised via email that due to Ms. Spinella's health issue, "she will not be available for deposition for the foreseeable future." *See* Apr. 4, 2023 email from L. Besvinick, attached as **Exhibit A**.

The Newmans repeatedly requested clarification as to the nature and extent of the issue, initially asking American Home to specify whether Ms. Spinella was completely unable to testify in this case or whether potential reasonable limitations could be put in place in light of her health condition. *See* Apr. 5, 2023 email, attached as **Exhibit B**.[1] Nonetheless, based on American Home's representations concerning her inability to appear on April 10, and the Newmans' efforts to obtain additional information on the issue, her deposition did not go forward on April 10.

The Newmans continued to actively prosecute the case while also addressing discovery efforts and other issues created by American Home. Sweet Claims and American Home continued to produce documents responsive to the Newmans' requests, and on April 12, 2023, the Newmans took the 30(b)(6) deposition of Sweet Claims and the adjuster assigned to the Newman claim, Patrick Keller. On April 14, the Newmans conducted the 30(b)(6) deposition of American Home's corporate representative concerning marketing topics. Also on April 14, the Newmans advised American Home that they intended to take two additional fact witness depositions, including D.J.

---

[1] The parties' April 7 email exchange also reflects various other pending discovery issues actively being addressed at the time.

Estep, a former Haag employee who served as AIG's building consultant tasked with preparing the January 2018 estimate in the amount of $498,571.91.[2]

May 2023 also proved to be extremely active, both from a discovery standpoint and motion practice brought by AIG. The Newmans also continued to follow up and request information from American Home regarding Ms. Spinella, among several other discovery-related issues raised by both parties.

On May 3, 2023, for example, the Newmans served their Third Request for Production, requesting, as relevant here, certain specific documents from the claim files of Florida homeowner property claims handled by AIG's Private Client Group during the period of October 11, 2014 through February 1, 2022. This request was narrowly tailored to encompass the 22 specific claims identified in the Civil Remedy Notices attached to the Newmans' Amended Complaint and other claims in which AIG engaged the same vendors used to prepare the grossly deficient estimates that were offered to the Newmans. To date, those documents have not been produced; AIG has objected to the production of these documents, forcing the Newmans to request a hearing before the Court (currently set for July 11, 2023).

On May 4, the Newmans attempted to coordinate D.J. Estep's deposition with American Home, proposing either May 30 or June 2 for the deposition. American Home's only response was to ask if the dates had been cleared with the non-party witness/former Haag employee in advance. The Newmans—who were not in contact with Estep, who no longer works for Haag—explained that they were attempting to coordinate a mutually available date with counsel before serving the subpoena, and asked if American Home's counsel was able to coordinate with the witness directly.

---

[2] The parties also attended a discovery hearing on April 24, 2023, arising from American Home's objections to the Newmans' Second Request for Production.

*See* May 4, 2023 emails between L. Besvinick and P. Roma, attached as **Exhibit C**. American Home's counsel never responded.

The parties then attended an all-day mediation with Judge Ursula Ungaro on May 9, 2023, followed by a hearing on American Home's motion to dismiss and *ore tenus* motion to compel the production of privileged documents on May 22, with additional briefing leading up to the hearing generated by American Home's notices of "supplemental" authority on the retroactivity of newly enacted Fla. Stat. § 624.1551 and whether an immediate interlocutory appeal could be taken from the Court's order denying the motion to dismiss.[3] The Newmans devoted a substantial amount of time and resources opposing American Home's motions, both of which were denied. *See* DE 116.

On May 12, the Newmans again followed up on their ongoing efforts to take Ms. Spinella's deposition. Sensitive to Ms. Spinella's medical condition, the Newmans explained that they simply needed additional information (and documentation) on her medical condition and ability to sit for deposition in deciding how to proceed in securing relevant testimony for purposes of trial. The parties conferred on May 17, 2023, and American Home promised to contact Ms. Spinella for an update on whether she was able to sit for deposition at this time.

American Home never provided any information (written or otherwise) as to whether any reasonable limitations could be put in place to alleviate the issues presented by Ms. Spinella's medical condition (e.g., timing, duration, scope, etc.).

---

[3] Also on May 22, American Home produced yet another set of documents that had been requested in discovery—the ninth batch at the time. Additionally, the Newmans followed up with American Home's counsel about the potential need to cancel the May 25 deposition of Frank O'Brien due to IT issues American Home's counsel was having with their transition to their new law firm. The Newmans requested alternative dates as soon as possible, and followed up the following day after receiving no response on May 22. On May 23, the Newmans again requested new dates, and noted that American Home's lack of responsiveness on deposition dates was beginning to prejudice the Newmans' case. Mr. O'Brien's deposition was ultimately rescheduled to June 14, 2023.

With respect to Mr. Estep, on May 19, after working to locate an address for service, the Newmans noticed Mr. Estep's deposition for June 6, 2023, and issued a subpoena for service. On May 22, 2023, the Newmans requested an update from the process server, who advised that no one answered the door when service was attempted the previous week. The Newmans were able to identify a potential alternative address for Mr. Estep and requested that the process server attempt service at that address, in Venice, Florida, on May 25, 2023.

On May 25, the process server attempted service without success, but Mr. Estep then called and agreed to meet at 9:00 a.m. at the same address the next day. Then Mr. Estep failed to appear as promised. On May 26 at 8:57 a.m., the process server attempted service at the same address pursuant to their agreement, but no one was home, and Mr. Estep then told the process server over the phone that he was out of town and could not meet until sometime after Memorial Day. *See* June 5, 2023 Affidavit of Non-Service, attached as **Exhibit D**.

Unfortunately, Mr. Estep's promise to meet after the holiday was another effort to delay or evade service of process. On May 31, another service attempt was made at Mr. Estep's house, but no one answered the door. The Newmans were advised that "it appeared someone was home during the server['s] latest attempt and that they were avoiding service." *See* June 1, 2023 email from OJF Services, attached as **Exhibit E**.

Due to the passage of time as Mr. Estep was evading service, the Newmans were forced to reschedule the deposition. On June 2, 2023, the Newmans served a re-notice of taking deposition re-setting the deposition for June 21, 2023. When service was attempted at the same address, Mr. Estep's wife told the process server via their Ring doorbell that Mr. Estep is in New York until October. *See* June 25, 2023 Affidavit of Non-Service, attached as **Exhibit F**.

Meanwhile, fact witness depositions and written discovery continued to be pursued by both parties. On May 31, American Home took the deposition of Joel Newman's long-time assistant, Vivian Hernandez, and that same day, the Newmans served their Fourth Request for Production, and American Home served its Second Request for Production. Responses to these requests remain outstanding as of the date of this motion.

Also, because American Home moved to dismiss the Amended Complaint, its Answer and Affirmative Defenses were not filed until June 5, 2023. *See* DE 118. And just four days before the discovery cutoff, on June 26, 2023, American Home filed an *Amended* Answer and Affirmative Defenses. *See* DE 122.

In the June 5 version, American Home raised a new "Recoupment / Overpayment" defense, claiming that American Home "is entitled to recoup and offset the payments for the awards from the third appraisal (December 22, 2021) against any sums that the Newmans may recover in this action." *See* DE 118 at 24-25. American Home also raised new issues claiming various purported limitations on the jury's ability to impose punitive damages on American Home. *Id.* at 26. In the June 26 iteration, American Home added still further defenses, claiming that the Newmans' "Law and Ordinance Damages and Expenses Are Barred By the Policy and Collateral Estoppel," and asserting a defense titled, "Law and Ordinance Damages and Expenses Not Incurred or Required." *See* DE 122 at 24-25.

The Newmans continued to work intensely and diligently on this case throughout the month of June. On June 1, following up on their efforts to secure Ms. Spinella's deposition, the Newmans asked via email whether, as an alternative, American Home would stipulate to the admission of Ms. Spinella's performance evaluations for all purposes and any statements she made that might otherwise be subject to hearsay objections.

American Home never responded.

On June 6, 2023, the Newmans served a re-notice of taking American Home's 30(b)(6) deposition on the areas of inquiry related to the Newmans' punitive damages claim. The deposition was scheduled for June 30, 2023, based on scheduling and availability in this case and other active cases that counsel is handling. Additional topics were added in an amended notice served on June 23, 2023. Notably, during the first six and a half months of this case, American Home had objected to producing any witnesses or documents on these areas absent a pled claim for punitive damages. Currently, American Home objects to producing a witness on all noticed topics, and has opposed allowing the deposition to be continued to complete those topics *or* to address the other claim-file documents—to be addressed at the July 11 discovery hearing.

Indeed, it appears American Home's 30(b)(6) witness is not being designated on the area of inquiry concerning the factual bases for American Home's affirmative defenses—even though American Home has never produced a witness to testify about that topic, and could not have done so given its recently filed (and then amended) pleading.

Throughout the last month of the discovery period, the parties have continued to engage in heavy discovery and depositions. American Home took the deposition of the Newmans' appraiser, George Keys, on June 8, 2023. The Newmans then took the depositions of AIG claims personnel and former personnel, including Gwynn Kawakami on June 12, Bill Murphy on June 13, and Frank O'Brien on June 14, followed by American Home's deposition of Dr. Maurice Baum on June 16, 2023.

As the above makes clear, despite the Newmans' diligent efforts, additional time is needed to complete the depositions of Ms. Spinella, Mr. Estep, the remaining topics and documents to be

addressed with American Home's 30(b)(6) representative, and to exchange expert rebuttal reports on claim handling and general business practice issues in light of this outstanding discovery.

## ARGUMENT

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for "good cause." Good cause exists when "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee notes).

Good cause exists to extend the fact discovery period for the limited purpose of allowing the Newmans to depose Kathy Spinella (subject to reasonable limitations and conditions needed to ensure the deposition does not pose a danger to her health), D.J. Estep, and American Home's 30(b)(6) witness on limited un-addressed topics and documents related to the Newmans' claim for punitive damages. Relatedly, good cause exists to extend the July 14, 2013 deadline to exchange rebuttal reports on claim handling issues, and to the extent necessary, a corresponding extension of time to complete expert depositions.

With respect to Ms. Spinella, again, the Newmans have been actively attempting to secure her deposition for months. Despite that diligence, Ms. Spinella's deposition could not be taken within the current discovery period due to her medical condition and American Home's refusal to engage in meaningful conferral efforts on this issue. The Newmans continued to inquire after the feasibility of obtaining Ms. Spinella's testimony via any reasonable, appropriate means that would not endanger Ms. Spinella's health. They did so because Ms. Spinella is a material witness in this case.

Moreover, after many efforts to confer and obtain more information, the Newmans were finally forced to set the deposition for June 23, 2023, serving a subpoena via email on opposing

counsel. No objections were raised until American Home's attorney advised on a recent phone call that her law firm, Stroock & Stroock & Lavan LLP, was not authorized to accept service, despite the "c/o undersigned counsel" designation in American Home's fact witness list and interrogatory answers. *See* Defendant's October 20, 2022 Fact Witness List, attached as **Exhibit G**; Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories, attached as **Exhibit H**.[4] Given the additional time required to now personally serve and provide sufficient notice to Ms. Spinella, even if she were physically able to attend the deposition at this time, under no circumstances could it have been accomplished before June 30.

The simple reason Mr. Estep could not be deposed within the current discovery period is that—as documented above—he has been evading service of process: first on May 26, 2023, by agreeing to accept service at a designated place and time and subsequently failing to show up; then on May 31, 2023, when it appeared that Mr. Estep and/or a family member were "home during the server['s] latest attempt and that they were avoiding service." Mr. Estep now claims to be in New York until October. Given these delays and obstructions, once service is effectuated, Mr. Estep's deposition will need to take place outside the current fact discovery period.

Good cause and compelling circumstances also warrant an extension of time to complete American Home's 30(b)(6) deposition—limited to the areas of inquiry for which American Home hasn't produced a witness and the documents that American Home has objected to producing. The Court will hear the parties' disputes concerning the discoverability of key documents on July 11, after the June 30 deposition takes place. These narrowly tailored documents from other specifically

---

[4] American Home served an Amended Fact Witness List on June 26, 2023, which no longer lists Ms. Spinella, but has not amended its interrogatory answers, which still list Ms. Spinella as one of the persons who assisted with American Home's handling of the Newmans' claim with an address listed as "c/o undersigned counsel."

identified claim files maintained by AIG would reflect, among other things, the dates and amounts of payments made to other insureds who similarly complained that AIG failed to fairly investigate their claim and lowballed them in an effort to pass the costs of conducting a true investigation onto their customers (or simply to try to close the claim quickly and cheaply).

Moreover, the Newmans have not been able to obtain this information from other sources largely due to concerns raised by other insureds as to confidentiality provisions that AIG required when resolving these claims.

But AIG cannot buy the silence of other victims to insulate itself from punitive damages exposure, essentially allowing AIG to violate Florida law with impunity. *See Kadiyala v. Pupke*, No. 17-80732-CIV-Marra/Matthewman, 2019 U.S. Dist. LEXIS 133449, at *8 (S.D. Fla. Aug. 8, 2019) ("[M]erely because settling parties label a settlement agreement as 'confidential' and agree to confidentiality terms amongst themselves, does not mean that a federal court cannot order such settlement agreement produced in discovery if it is relevant and proportional under Rule 26(b)(1). . . . Secrecy is disfavored in our federal courts."). And courts in this district have recognized that these documents have a "direct bearing" on punitive damages under Fla. Stat. § 624.155(5). *See Mayfair House Ass'n v. QBE Ins. Corp.*, No. 09-80359-CIV, 2010 U.S. Dist. LEXIS 20253, at *11 (S.D. Fla. Feb. 5, 2010) (noting that "*other* insured claims files which relate to and illuminate the manner in which the company handles claims of its other policyholders" have a "direct[] bearing on the company's punitive damage liability exposure") (emphasis in original).

Because documents highly relevant to the Newmans claims of punitive damages will not be produced until after American Home's 30(b)(6) deposition on these issues, good cause exists to extend the fact discovery period for the limited purpose of allowing the Newmans to complete this deposition. For similar reasons, the Newmans' claim handling expert, Bernie Heinze, Esq.,

has not had an opportunity to review relevant and requested documents in advance of the current July 14, 2023 deadline for the parties to exchange rebuttal expert reports on claim handling issues, warranting an extension of this deadline as well.

## CONCLUSION

For the foregoing reasons, the Newmans respectfully request that the Court enter an order extending the pretrial deadlines under the Amended Scheduling Order as set forth above, and any other relief the Court deems appropriate.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the Newmans conferred with counsel for American Home, who opposes this motion.

/s/ Garrett S. Nemeroff
**Garrett S. Nemeroff**

Dated: June 30, 2023

Respectfully Submitted,

**REED SMITH LLP**
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

/s/ Garrett S. Nemeroff
**R. Hugh Lumpkin**
Florida Bar No. 308196
hlumpkin@reedsmith.com
**Matthew B. Weaver**
Florida Bar No. 42858
mweaver@reedsmith.com
**Christopher T. Kuleba**
Florida Bar No. 105302
ckuleba@reedsmith.com
**Garrett S. Nemeroff**
Florida Bar No. 111675
gnemeroff@reedsmith.com

**CASE NO. 1:22-cv-20979-JB**

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

              */s/ Garrett S. Nemeroff*
              **Garrett S. Nemeroff**