UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-20979-Becerra

MICHAEL NEWMAN, as Personal Representative
of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

    Plaintiffs,

v.

AMERICAN HOME ASSURANCE
COMPANY, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO BIFURCATE TRIAL

**THIS CAUSE** came before the Court on Defendant American Home Assurance Company, Inc.'s Motion to Bifurcate Trial. ECF No. [220]. Plaintiffs Michael Newman and Edith Newman filed a Response in Opposition, and American Home filed a Reply. ECF Nos. [248], [260]. Upon due consideration of the Motion, the legal memoranda of the Parties, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

    **I.    BACKGROUND AND INSTANT MOTION**

This is a statutory bad-faith action arising out of American Home's handling of Plaintiffs' claim for damage to their home sustained as a result of Hurricane Irma (the "Claim"). The Amended Complaint asserts causes of action under Fla. Stat. §§ 624.155(1)(a), 624.155(1)(b), and 626.9541(1)(i) for American Home's alleged failure to act in good faith to settle the Claim, and its alleged use of unfair claim settlement practices. ECF No. [42]. Plaintiffs seek to recover both compensatory and punitive damages.

1

American Home filed the instant Motion requesting that the Court bifurcate trial into two phases.  Specifically, American Home contends that the first phase of trial should be limited to evidence and argument solely regarding American Home's liability for bad faith and the amount, if any, of Plaintiffs' compensatory damages.  Then, if the jury concludes that American Home acted in bad faith, trial would proceed to a second phase to determine American Home's liability for punitive damages and the amount thereof.  ECF No. [220] at 3-9.  Alternatively, American Home requests that the Court bifurcate trial in accordance with the procedure outlined by the Florida Supreme Court in *W.R. Grace & Co. v. Waters*, 638 So. 2d 502 (Fla. 1994).  That is, liability for compensatory and punitive damages is decided in the first phase and, if the jury determines that punitive damages are warranted, the amount of punitive damages is determined in the second phase.  *Id*. at 9-10.  Plaintiffs do not oppose *W.R. Grace* bifurcation, but do oppose American Home's initial bifurcation proposal whereby liability for and amount of compensatory damages is decided separately from liability for punitive damages.  ECF No. [248].

## II.   ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  FED. R. CIV. P. 42(b).  The district court has "broad discretion" in determining whether to bifurcate a trial. *Harrington v. Cleburne County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001).  Bifurcation "is the exception rather than the rule," and the burden is on the moving party to "demonstrate[e] the benefits of bifurcation." *Macneil v. Bengal Properties, Inc.*, No. 20-62038-Civ, 2022 WL 2231010, at *1 (S.D. Fla. Feb. 10, 2022) (citations omitted).

Courts consider the following factors when deciding whether bifurcation is appropriate: "(1) whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration; (2) whether separate trials will avoid prejudice; and (3) whether the issues sought to be tried separately are significantly different." *Northstar Moving Holding Co., Inc. v. King David Van Lines*, No. 19-cv-62176, 2021 WL 9794592, at *1 (S.D. Fla. May 4, 2021) (citation omitted). Notably, American Home has not cited any cases in this district where a court has bifurcated liability for compensatory and punitive damages as American Home suggests, whether based on the foregoing factors or otherwise. Rather, courts in this district routinely follow the *W.R. Grace* procedure, which bifurcates determination of the amount of punitive damages from the remaining issues at trial. *See e.g., Northstar Moving Holding Co., Inc.*, 2021 WL 9794592 at *1; *Zarfaty v. Garden Fresh Rest. Corp.*, No. 15-cv-60268, 2019 WL 5617937, at * 2 (S.D. Fla. Oct. 31, 2019) (declining to order separate trials on the issues of negligence and gross negligence/punitive damages, and instead adopting the *W.R. Grace* approach such that "if the jury determines that punitive damages are warranted, the jury will then remain empaneled in order to consider evidence relevant to the amount of punitive damages for which Defendant may be liable."); *Felix v. Key Largo Mgmt. Corp.*, No. 19-10067-Civ, 2022 WL 18587638 (S.D. Fla. July 21, 2022); *Horillo v. Cook*, No. 08-60931-Civ, 2014 WL 2712341, at *1 (S.D. Fla. Apr. 29, 2014). Having carefully considered the foregoing, the Court aligns itself with the prevailing view in this district and concludes that the appropriate bifurcation under the circumstances of this case is the procedure outlined in *W.R. Grace*.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Bifurcate Trial, ECF No. [220], is **GRANTED IN PART AND DENIED IN PART**.

2. The trial in this matter shall proceed in two phases. During the first phase, the jury shall consider liability, if any, as to compensatory and punitive damages and the amount of compensatory damages, if any.

3. If liability for punitive damages is established in the first phase, the jury shall consider the amount of punitive damages, if any, during the second phase of trial.

4. The second phase of the trial proceedings, if necessary, will commence immediately after the entry of a verdict in the first phase and proceed in front of the same jury.

5. During the first phase of trial, Plaintiffs may not introduce evidence of Defendant's net worth or any other evidence relevant to the amount of punitive damages for which Defendant may be liable.

6. Defendant may not refer to the bifurcated proceedings other than to quote the language in the Florida Standard Jury Instructions on Punitive Damages–Bifurcated Procedure, Instruction 503.1.

**DONE AND ORDERED** in Chambers in Miami, Florida on March 11, 2024.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE