**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 22-cv-20979-Becerra

MICHAEL NEWMAN, as Personal Representative
of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

    Plaintiffs,

v.

AMERICAN HOME ASSURANCE
COMPANY, INC.,

    Defendant.
_____/

**ORDER DENYING MOTION SEEKING CERTIFICATION
FOR INTERLOCUTORY APPEAL**

**THIS CAUSE** came before the Court on Defendant American Home Assurance Company, Inc.'s Motion Seeking Certification for Interlocutory Appeal. ECF No. [176]. Plaintiffs Michael Newman and Edith Newman filed an Opposition, and American Home filed a Reply. ECF Nos. [199], [213]. Upon due consideration of the Motion, the legal memoranda of the Parties, the pertinent portions of the record, the applicable law, and for the reasons explained below, the Motion is **DENIED**.

**I.   BACKGROUND**

Defendant American Home Assurance Company, Inc. ("American Home") issued a homeowner's policy to Joel and Edith Newman (the "Newmans"), which insured their home during the period September 22, 2016 to September 22, 2017 (the "Policy"). ECF No. [169] at ¶ 1. On or about October 12, 2017, American

1

Home received notice of Plaintiffs' claim for damages to their home sustained during Hurricane Irma.

Prior to filing the instant suit, the Newmans and American Home participated in an appraisal process pursuant to the terms of the Policy, which resulted in three appraisal awards entered in the Newmans' favor. Also prior to suit, American Home paid each of those appraisal awards in full, except the final appraisal award which it paid based on the applicable policy limits and allegedly "out of an abundance of caution . . . in an effort to resolve the matter." ECF No. [212] at ¶ 26. The Amended Complaint now asserts causes of action under Fla. Stat. §§ 624.155(1)(a), 624.155(1)(b), and 626.9541(1)(i) for American Home's alleged failure to act in good faith to settle the Claim, and its alleged use of unfair claim settlement practices. ECF No. [42].

Following the close of discovery in this case, American Home filed a Motion for Summary Judgment wherein it argued, among other things, that the Amended Complaint should be dismissed in its entirety because Plaintiffs failed to obtain a prior determination of liability, which is a prerequisite to filing a bad faith action.[1] ECF No. [172] at 3-8. American Home contends that the appraisal awards that the Newmans obtained are insufficient to satisfy this requirement. *Id*. American Home previously raised the same argument in its Motion to Dismiss the Amended Complaint, ECF No. [43] at 6-11, which the Court denied. ECF No. [116].

---

[1] The Court denied summary judgment on this basis. *See* ECF No. [337].

Three months before trial was set to commence,[2] American Home filed the instant Motion "as an alternative to granting its Motion for Summary Judgment." ECF No. [176]. American Home asks the Court, in the event its Motion for Summary Judgment is denied, to issue an order certifying an appeal, which would allow American Home to initiate an interlocutory appeal on the following question:

> Whether Plaintiffs have failed to meet a condition precedent to filing an action for bad faith under Section 624.155, Florida Statutes, by relying on contractual appraisal to meet the requirement to obtain a prior determination of liability, as required by *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991), *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617 (Fla. 1994) *receded from in part on other grounds by State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55 (Fla. 1995), and *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216 (Fla. 2006).

*Id.* at 2.

American Home argues that an interlocutory appeal is warranted because this issue "involves application of Florida state law which is currently unsettled," and an interlocutory appeal "would allow the Eleventh Circuit to certify the question to the Florida Supreme Court for a definitive answer." ECF No. [176] at 2, 5. American Home also argues that an interlocutory appeal is warranted because resolution of the issue in its favor would result in dismissal of Plaintiffs' bad faith claims, thereby avoiding a trial and subsequent appeals. *Id.* at 8. Plaintiffs contend that there is no basis for an interlocutory appeal because

---

[2] Trial is now scheduled to begin on April 8, 2024.

American Home has failed to show a conflict between federal courts on the question it seeks to certify, nor has it shown that a conflict exists among state courts. ECF No. [199] at 6-12. Plaintiffs further argue that an interlocutory appeal would delay termination of this litigation. *Id.* at 4-5.

**II.   ANALYSIS**

Under 28 U.S.C. section 1292, a district judge may certify an order not otherwise appealable for interlocutory review when that order (1) "involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* § 1292(b). The moving party "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex rel. Welt*, No. 12-23707, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26, 2013) (internal quotation marks and citations omitted). This is a high burden, as there is a strong presumption against interlocutory appeals. *See OFS Fitel, LLC v. Epstein, Becker and Green P.C.*, 549 F. 3d 1344, 1359 (11th Cir. 2008) ("Furthermore, § 1292(b) sets a high threshold for certification to prevent piecemeal appeals."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive ... and consequently are generally disfavored." (quotation marks and citation omitted). Moreover, "§ 1292(b) certification is wholly discretionary with

4

both the district court and th[e] Court [of Appeals]." *OFS Fitel, LLC*, 549 F. 3d at 1358.

There appears to be no dispute that the first element is satisfied here. ECF No. [199], *generally*. Indeed, the issue at hand involves a controlling a question of law: whether an appraisal award is a "determination of liability" for purposes of bringing a bad faith action.

With respect to the second element, a substantial ground for difference of opinion "exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016) (citation omitted). "[M]erely showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016). The Court finds that this element cannot be satisfied.

The issue whether an appraisal award constitutes a determination of liability necessary to file a statutory bad faith action has been decided by Florida district courts for nearly two decades. *See e.g., Tropical Paradise Resorts, LLC v. Clarendon America Ins. Co.*, No. 08-60254-CIV, 2008 WL 3889577, at *3 (S.D. Fla. Aug. 20, 2008) (finding that "the appraisal awards are sufficient determinations of [insurer's] liability and damages for [insured's] statutory bad faith claim to accrue."); *Fox v. Starr Indemnity & Liability Co.*, No. 8:16-cv-3254, 2017 WL

5

1541294, at *5 (M.D. Fla. April 28, 2017) ("[A]n appraisal award satisfies *Blanchard's* requirement that the plaintiff obtain a determination of liability and a determination of damages before suing for bad faith."); *Baptist College of Fla., Inc. v. Church Mutual Ins. Co. SI*, No. 5:22-cv-158, 2022 WL 20288956, at *4 (N.D. Fla. Aug. 31, 2022) (finding that appraisal award is a final determination of liability and damages).

Further, American Home has not identified a split of authority among the federal district courts on this issue. Indeed, there is not a split of authority even among Florida's District Courts of Appeal, which consistently conclude that an appraisal award satisfies the "determination of liability" requirement for filing a statutory bad faith claim. *See e.g., Fortune v. First Protective Ins. Co.*, 302 So. 3d 485, 489 (Fla. 2d DCA 2020) ("An appraisal award satisfies the first two requirements [to filing a statutory bad faith action].") (citing *Hunt v. State Farm Fla. Ins. Co.*, 112 So. 3d 547, 549 (Fla. 2d DCA 2013); *Landers v. State Farm Florida Ins. Co.*, 234 So. 3d 856, 859 (Fla. 5th DCA 2018) (settlement of claim "via the appraisal process is sufficient to satisfy the first two requirements [to filing a statutory bad-faith claim].") (citing *Cammarata v. State Farm Fla. Ins. Co.*, 152 So. 3d 606, 612 (Fla. 4th DCA 2014)); *Lugassy v. United Prop. & Cas. Ins. Co.*, 351 So. 3d 23, 25 (Fla. 4th DCA 2022) ("[T]he Homeowners' appraisal award satisfied the first two requirements to filing the bad faith claim.").[3] Nor has American

---

[3] The Court recognizes that American Home believes that these appellate decisions are based upon flawed reasoning that is inconsistent with Florida Supreme Court precedent. For the reasons explained in the Court's Order on

6

Home identified any circuit split. Accordingly, American Home has not met its burden to show that a substantial ground for difference of opinion exists.[4]

Given American Home's failure to satisfy the second element necessary for interlocutory review, the Court need not consider the final element, whether an immediate appeal may materially advance the ultimate termination of the litigation. *See Continental 332 Fund, LLC v. Albertelli*, No. 2:17-cv-41, 2018 WL 3656472, at *7 (M.D. Fla. Aug. 2, 2018) (The movant seeking interlocutory appeal bears the burden of showing that all § 1292(b) requirements are satisfied and that the case is one of the rare exceptions in which the court should exercise judicial discretion to grant the remedy.") (citation omitted).

---

Cross-Motions for Summary Judgment, ECF No. [337], the undersigned does not agree. In any event, this Court is bound to follow the decisions of Florida's intermediate appellate courts where, as here, the Florida Supreme Court has not directly addressed the issue. *See Peoples Gas Sys. v. Posen Constr., Inc.*, 931 F.3d 1337, 1339 (11th Cir. 2019) ("When we lack guidance from the Florida Supreme Court, we must adhere to the decisions of Florida's state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.") (quotation marks and citations omitted); *Silverberg v. Paine Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983) ("A federal court is bound by this rule whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates."); *CodeVentures, LLC v. Vital Motion Inc.*, No. 22-11288, 2023 WL 2644173, at *3 (11th Cir. March 27, 2023) (same).

[4] The Court does not agree with American Home that the November 2022 passage of Florida Statutes § 624.1551 is a basis to find substantial grounds for disagreement. As explained more fully in the Court's Omnibus Order on Cross-Motions for Summary Judgment, ECF No. [337], Section 624.1551 cannot be applied retroactively to this case because it is a substantive statute. Similarly, the recent state trial court decisions that American Home relies upon are inapposite because, among other reasons, they were filed after § 624.1551 took effect, unlike the instant action.

Finally, American Home has made no showing of exceptional circumstances that warrant immediate review of the question presented. For these reasons, the Court declines to exercise its discretion to permit an interlocutory appeal.

### III. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion Seeking Certification for Interlocutory Review, ECF No. [176], is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on March 22, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**