UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20979-JB

MICHAEL NEWMAN, as Personal Representative
of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

    *Plaintiffs*,

v.

AMERICAN HOME ASSURANCE
COMPANY, INC.,

    *Defendant*.

_____/

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
ON THE JURY'S VERDICT DATED APRIL 19, 2024**

Pursuant to Federal Rule of Civil Procedure 58(d), Plaintiffs Edith Newman and Michael Newman, as personal representative of the Estate of Joel Newman, respectfully move for the entry of judgment on the jury's verdict of April 19, 2024. ECF No. 412. The proposed judgment is attached as Exhibit A. In support, Plaintiffs state as follows:

**LEGAL STANDARD**

Rule 58(a) requires that every judgment be set out in a separate document, which a party may request pursuant to Rule 58(d). In reviewing a jury verdict, "[t]he court must view the evidence in the light most favorable to the prevailing party and draw all reasonable inferences and credibility choices in favor of the jury's verdict." *United States EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1343 (11th Cir. 2016) (citation, brackets, and quotation marks omitted). The court should "always infer that the jury resolved every relevant factual issue in favor of its verdict." *United States v. $242,484.00 in United States Currency*, 389 F.3d 1149, 1155 (11th Cir. 2004).

## DISCUSSION

1. On April 19, 2024, the jury returned a verdict in which it found that Defendant American Home, in handling the Newmans' insurance claim, violated the Florida Unfair Claim Settlement Practices Act. ECF No. 412, Answer to Question 2.

2. For damages that were a reasonably foreseeable result of American Home's violation(s) of the Florida Unfair Claim Settlement Practices Act, the jury found that the Newmans are entitled to recover ALE interest as of the first date of lease. ECF No. 412, Answer to Question 3.

3. The jury further found that American Home failed to make its October 15, 2020 payment within 15 days after there were no longer factors beyond the control of American Home which reasonably prevented such payment. ECF No. 412, Answer to Question 4.

4. The jury's answer to Question 3 requires a damages award in the amount of **$152,693.55**. The first date of the Newmans' apartment lease for which they were entitled to ALE benefits was February 15, 2019. ECF No. 387, Trial Tr., Day 3 at 54:18-55:25. American Home made the $1,400,000 ALE payment on October 15, 2020. *See* ECF No. 419-41, Trial Exhibit P-078 (Appraisal Award); ECF No. 407, Trial Tr., Day 8 at 254:14-25, 255:4-5; *see also* ECF No. 173, ¶¶ 18-19. As calculated pursuant to Fla. Stat. § 55.03, the interest on $1,400,000 for the period from February 15, 2019 to October 15, 2020 is $152,693.55.

5. The jury's answer to Question 4 requires a statutory interest award in the amount of **$337,925.68**. As relevant here, the applicable version of Fla. Stat. § 627.70131(5)(a) states that "[a]ny payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03," and that "[i]nterest begins to accrue from the date

the insurer receives notice of the claim" and "is payable when the claim or portion of the claim is paid." American Home's October 15, 2020 payment totaled $1,834,389.15. ECF No. 411 at 9. American Home received notice of the only insurance claim at issue in this case on October 11, 2017. ECF No. 294, P. Flaherty 30(b)(6) Dep. Tr. 136:18-20; ECF No. 371, Order on Dep. Designations Regarding P. Flaherty, ECF No. 371-1 at 7; ECF No. 384, Trial Tr., Day 2 at 24:24-25 (video deposition of P. Flaherty played); *see also* ECF No. 398, Trial Tr., Day 5 at 231:9-11. As calculated pursuant to Fla. Stat. § 55.03, the interest on $1,834,389.15 for the period from October 11, 2017 to October 15, 2020 is $337,925.68.

6. Plaintiffs are entitled to prejudgment interest on the $152,693.55 damages award in the amount of **$27,266.26**. As calculated pursuant to Fla. Stat. § 55.03, the interest on $152,693.55 for the period from October 15, 2020 to April 19, 2024 is $27,266.26. This period—October 15, 2020 to April 19, 2024—does not overlap with the relevant period for determining statutory interest under Fla. Stat. § 627.70131(5)(a).

7. Plaintiffs are entitled to prejudgment interest on the $337,925.68 statutory interest award in the amount of **$60,342.91**. As calculated pursuant to Fla. Stat. § 55.03, the interest on $337,925.68 for the period from October 15, 2020 to April 19, 2024 is $60,342.91. This period—October 15, 2020 to April 19, 2024—does not overlap with the relevant period for determining statutory interest under Fla. Stat. § 627.70131(5)(a).

8. Plaintiffs are also entitled to recover costs and reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 624.155(4) (2022) and Fla. Stat. § 57.041, and respectfully request that the Court retain jurisdiction to resolve any costs and attorney's fee disputes. *See* Fla. Stat. § 624.155(4) (providing that, "[u]pon adverse adjudication at trial or upon appeal," the insurer

"shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff"); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 n.10 (11th Cir. 2012).

9. Plaintiffs are also entitled to interest on costs and reasonable attorney's fees from the date of their entitlement to such costs and fees to be calculated pursuant to Fla. Stat. § 55.03.

10. Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

11. Plaintiffs do not waive, forfeit, or abandon any arguments or issues preserved for review following the entry of judgment, and reserve the right to seek any further relief permitted under applicable law, including, but not limited to, renewing their Rule 50 motion following entry of judgment. *See* ECF No. 407, Trial Tr., Day 8 at 178:20-182:8.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter final judgment in their favor and against Defendant American Home Assurance Company, Inc. pursuant to the jury's verdict, and reserve jurisdiction to enter any further orders as may be necessary or appropriate, including as to any proper post-judgment motions permitted under the Federal Rule of Civil Procedure or Local Rules.

Dated: May 7, 2024                              Respectfully submitted,

**REED SMITH LLP**
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

*/s/ R. Hugh Lumpkin*
**R. Hugh Lumpkin**
Florida Bar No. 308196
hlumpkin@reedsmith.com
**Matthew B. Weaver**
Florida Bar No. 42858
mweaver@reedsmith.com
**Garrett S. Nemeroff**

Florida Bar No. 111675
gnemeroff@reedsmith.com
**Jessica Gopiao**
Florida Bar No. 1011789
jgopiao@reedsmith.com

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Plaintiffs conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion, but Defendant opposes the relief requested herein.

*/s/ R. Hugh Lumpkin*
**R. Hugh Lumpkin**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ R. Hugh Lumpkin*
**R. Hugh Lumpkin**