UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL NEWMAN, as Personal
Representative of the ESTATE OF JOEL
NEWMAN, and EDITH NEWMAN,

     Plaintiffs,

v.                                                                Case No. 22-cv-20979-JB

AMERICAN HOME ASSURANCE
COMPANY, INC.,

     Defendant.

_____/

**DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT ON THE JURY'S
VERDICT RENDERED APRIL 19, 2024 AND CONSOLIDATED RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

Defendant American Home Assurance Company, Inc. ("American Home") hereby submits its consolidated response in opposition to Plaintiffs' motion for entry of judgment and moves for the entry of judgment in its favor on the jury's verdict rendered April 19, 2024.  For the reasons set forth below, the Court should deny Plaintiffs' motion.  Although the jury declined to award Plaintiffs any of the compensatory damages they sought, and rejected Plaintiffs' claim for punitive damages, Plaintiffs now ask the Court to enter judgment in their favor in the amount of $578,228.40 consisting of <u>four</u> redundant categories of interest not awarded by the jury and not supported by Florida law.

<b><u>BACKGROUND</u></b>

The Court is well familiar with this case.  Plaintiffs sued American Home pursuant to Florida's bad faith statute claiming that American Home failed to pay them when it could and should have done so and that American Home violated Florida's Unfair Claim Settlement Practices Act.  Although Plaintiffs originally claimed millions of dollars in compensatory damages, the Court limited Plaintiffs' damage claim prior to trial.  ECF 337 (Order on Cross-Motions for Summary Judgment).  Consequently, at trial, Plaintiffs sought to recover only (i) the attorneys' fees and other costs they incurred in connection with underlying appraisal proceedings, and (ii) statutory interest pursuant to §627.70131(5)(a), Fla. Stat.  Plaintiffs also sought punitive damages.

After an eight-day trial, the jury returned a verdict largely in favor of American Home, rejecting Plaintiffs' theories of bad faith.  The jury found that:

1. American Home did not act in bad faith in its handling of the Newmans' claim.

2. American Home did violate the Florida Unfair Claim Settlement Practices Act.

3. The only reasonably foreseeable damage suffered by the Newmans was "ALE interest as of first date of lease."  (The jury did not award the Newmans any of their appraisal-

1

related attorneys' fees and other costs.)

4. The October 15, 2020 payment (which included payment of the ALE awarded in appraisal) was not made within 15 days after there were no longer factors beyond the control of American Home which reasonably prevented such payment. (The jury did not find that any other payment was untimely.)

5. The acts giving rise to the Newmans' claim against American Home were not committed with such frequency as to indicate a general business practice. (As a consequence, the jury did not award punitive damages.)

ECF 412 (Verdict Form). In sum, the jury awarded Plaintiffs "ALE interest as of first date of lease" (not a dollar figure) and, in response to a special interrogatory, indicated that the October 15, 2020 payment (which included payment of the ALE awarded in appraisal) was not timely made as provided by §627.70131(5)(a), Fla. Stat.

Based solely on these responses, Plaintiffs seek entry of a judgment as follows:

1. $152,693.55 in interest damages on ALE;

2. $337,925.68 in statutory interest pursuant to §627.70131, Fla. Stat.;

3. $27,266.26 in prejudgment interest on interest damages on ALE;

4. $60,342.91 in prejudgment interest on statutory interest; and

5. an award of attorneys' fees and costs against American Home on the grounds that the jury's verdict constitutes an "adverse adjudication" against American Home.

ECF 425 and 425-1 (Plaintiffs' Motion for Entry of Judgment and Proposed Judgment).

As set forth below, the Court should decline to enter Plaintiffs' proposed judgment because it is inconsistent with and contrary to the jury's verdict. The jury clearly and specifically awarded Plaintiffs "ALE interest as of first date of lease" only, which can only be the statutory interest Plaintiffs sought. The jury did not award Plaintiffs any other interest or damage. Nor, as a matter

of Florida law, are Plaintiffs entitled to recover prejudgment interest on interest.  In addition to these deficiencies, Plaintiffs miscalculate the amounts of their proposed interest awards.

The Court should also decline to hold that Plaintiffs are entitled to recover attorneys' fees and costs from American Home.  Instead, the Court should retain jurisdiction to consider the Parties' respective claims for attorneys' fees and costs under applicable law, following the entry of judgment.[1]

The Court should enter Judgment in favor of American Home.  A proposed judgment is attached as Exhibit A.

## LEGAL STANDARD

Under Fed. R. Civ. P. 49 and 58, it falls to this Court to reduce the jury's verdict to a judgment that "may fairly be said to represent a logical and probable decision on the relevant issues as submitted."  *Wilbur v. Correctional Services Corp.*, 393 F.3d 1192, 1200 (11th Cir. 2004) (citation omitted).  The court should "refer to the entire case – pleadings, evidence, argument, jury instructions – and not just the jury's answers themselves."  *Id.* (citation omitted).  And the Court should presume that the jury "follow[ed] the instructions given to it."  *Id.* at 1201.  Lastly, "[i]f there is a view of the case which makes the jury's answers consistent, the court must adopt that view and enter judgment accordingly."  *Id.* at 1200 (citation omitted).

## ARGUMENT

### I.   Plaintiffs Are Not Entitled to "ALE Interest as of First Date of Lease."

#### A. ALE Damages Were Adjudicated in Favor of American Home on Summary Judgment and Were Not Tried.

---

[1] In an abundance of caution, and to avoid error invited by Plaintiffs' motion to enter judgment, American Home has raised issues at this juncture that may also be appropriate to raise in post-judgment motions.  American Home reserves the right to, and expects to, raise issues addressed herein and others in post-judgment motions pursuant to Rules 50.

Plaintiffs sought in their Amended Complaint only the following ALE damages: (1) "alternative living expenses less the amount already paid by American Home;" (2) "[t]he amount which should have been paid by American Home as ALE had it located a comparable alternative dwelling;" and (3) "[t]he reasonable rental value of the Property either as an alternative to ALE or in addition to it as may be permitted under applicable law."  ECF 42 (Amended Complaint) at ¶121.  In its Summary Judgment Order, the Court confirmed these were the only categories of ALE damages sought by Plaintiffs.  ECF 337 at 35-36.  In their Amended Complaint, Plaintiffs also sought prejudgment interest on these three categories of ALE damages.  *Id*.

The Court entered summary judgment in favor of American Home on the first category of damages for "ALE that the Newmans incurred, less the amount that American Home paid pursuant to the ALE Award."  *Id*. at 38-39.  The Court explained:

> The Court is persuaded that the first category of ALE-related damages is barred by the ALE Award. These damages are comprised of ALE damages that the Newmans incurred but were not awarded in appraisal. ECF No. [42] at ¶ 121. The Newmans assert that the ALE Award only "cover[ed] a portion of their ALE losses" and now seek an additional $92,238.01 for incurred ALE expenses, including storage costs, internet, cable, housekeeping, and renters insurance. ECF Nos. [42] at ¶ 91; [173-20] at 11(b). By their very nature, however, these additional, incurred ALE expenses are part of the costs that the Newmans requested (or should have requested) as part of the ALE appraisal. Plaintiffs cannot use this bad faith action to recover damages that were within the scope of the ALE appraisal but not awarded. See *Kaplan*, 861 F. App'x at 803; *Magaldi*, 2010 WL 2541011, at * 5.

*Id*.

Indeed, so clear was it that Plaintiffs could not seek to recover additional ALE damages in the first category, this Court recognized that Plaintiffs abandoned that claim entirely:

> Tellingly, Plaintiffs have seemingly abandoned their request for these damages, as they make no attempt in their Response to demonstrate that an award of the additional ALE expenses at issue in the first category of damages is permissible.

*Id*. at 39.  Plaintiffs therefore did not seek this ALE damage at trial.

As to the second category of ALE, "fair rental value" damages, the Court held that "[w]hat is fatal is that Plaintiffs have failed to show that they suffered damages as a result of American Home's failure to disclose the extent of the coverage at issue."  *Id*. at 43.  The Court explained:

> To make such a showing, Plaintiffs need to provide some competent evidence that they would have rented a more expensive alternative dwelling than the apartment they chose, or otherwise suffered some harm by living in the condominium that they selected. **Plaintiffs do not identify any such evidence.** Rather, Mrs. Newman testified that when looking for an alternative home to rent, "there wasn't much at the time to look at that was a little comparable to our home and yet be close." ECF No. [173] at ¶ 24. She further testified that she and her husband looked at "a few" that "were really not nice" and chose the apartment that they ultimately rented (and later purchased) because "it was barely used," "it was on the ocean," and "[i]t was close to the house." *Id*. Indeed, **the record evidence reflects that the Newmans were concerned with being close to their home and close to the water, and chose their alternative dwelling based on those considerations.** There is no evidence that their choice was at all impacted by the amount that they believed American Home would pay for an alternative dwelling, nor that they considered another property but chose not to live there because of the cost. **Therefore, no reasonable jury could conclude that Plaintiffs suffered the second category of ALE-related damages because there is no evidence in this record upon which a rational trier of fact could make that finding.**

*Id*. at 43 (emphasis added).  Plaintiffs therefore did not seek this ALE damage at trial.

As to the third category of ALE damages for lost rental opportunities, the Court denied summary judgment because "Plaintiffs point to testimony of Michael Newman that the Newmans' home had been rented for commercial purposes at least four to six times a year on average for $10,000.00 per day."  *Id*. at 44.  However, Plaintiffs did not present any evidence of this ALE damage at trial and did not ask the jury to award this damage.  Plaintiffs' counsel conceded at trial that no evidence of photoshoots was ever presented:

> AMERICAN HOME'S COUNSEL: …in Your Honor's summary judgment ruling there was a leftover aspect of the additional living expense damage with respect to the photo shoots that were done – since no evidence on that has been presented in this case, I think that is a very straightforward judgment as a matter of law.
>
> ***
>
> THE COURT: Can you address the photoshoot issue, the ALE.
>
> PLAINTIFFS' COUNSEL: I agree. **We haven't presented evidence on the photoshoot issue.**

ECF 398, April 15, 2024 Trial Tr. at 255:9-14, 272:8-9 (emphasis added).

Thus, Plaintiffs' three categories of ALE-related damages were either disposed of on summary judgment, where the Court rejected the first two categories of Plaintiffs' ALE-related damages, or were not sought at trial, as the third category for lost rental opportunities was abandoned by Plaintiffs.  The only ALE-related damage tried by Plaintiffs was statutory penalty interest under Section 627.70131, Florida Statutes.

In their proposed verdict form, Plaintiffs recognized that they did <u>not</u> seek any interest as damages in Question 3, by expressly excluding all interest from the compensatory damages requested.  Plaintiffs' proposed Question 3 explicitly directed the jury <u>not</u> to include interest in any damage award:

> 3.      Please state the amount of compensatory damages *(not including interest)* you award to the Newmans based on any injury or damage caused in whole or in part by American Home.
>
> $_____.

ECF 357-1 (Plaintiffs' Proposed Verdict Form) at 4 (emphasis added).

Because the Court adjudicated all of Plaintiffs' claims for ALE damages in favor of American Home on summary judgment, or they were not sought at trial, there were no ALE damages available to be awarded by the jury apart from Plaintiffs' claim of statutory penalty interest. *See Cioffe v. Morris*, 676 F. 2d 539, 541 (11th Cir. 1982) ("[A] judgment may not be

based on issues not presented in the pleadings and not tried with the express or implied consent of the parties.").

Accordingly, the Court should award zero dollars for "ALE interest as of first date of lease" and enter Judgment on this issue in favor of American Home.

**B. Plaintiffs are Barred from Recovering "ALE Interest as of First Date of Lease" Because They Elected to Recover Statutory Penalty Interest Under Section 627.70131, Florida Statutes.**

Even if "ALE interest as of first date of lease" were not foreclosed, because it was not tried, the plain language of Section 627.70131, Florida Statutes, bars recovery of the prejudgment interest awarded in Question 3 of the Verdict because Plaintiffs have elected recovery of statutory penalty interest under Section 627.70131.

Section 627.70131(5)(a), Florida Statutes, states, in pertinent part, "[i]f there is a right to prejudgment interest, the insured shall select whether to receive prejudgment interest or interest under this subsection."  Citing this very language, the Court held that "Plaintiffs *cannot recover* both prejudgment and statutory interest if they prevail at trial."  ECF 337 at 15 (emphasis in original); 14 (explaining "Section 627.70131(5)(a) requires an insured to 'select whether to receive prejudgment interest or interest under this subsection.' Fla. Stat. § 627.70131(5)(a).").  Further, Plaintiffs conceded at trial that they were precluded from recovering both forms of interest because they have sought alternative remedies.  *See* ECF 387, April 11, 2024 Trial Tr. at 137:13-138:3 (Plaintiffs' counsel explaining that "[American Home] [is] right that the election of remedies doctrine does not apply . . . The court held that plaintiffs are entitled to plead in the alternative and that the existence of this election of remedies doctrine does not change that, right.  The court was not relying on the election of remedies doctrine and for good reason, because the Eleventh Circuit in the case that you cited called *Allstate*, the court says that a plaintiff is entitled to plead in the alternative and they based that on Federal Rule of Civil Procedure 8.").

In their motion for summary judgment, Plaintiffs not only claimed they had pled statutory penalty interest, they elected to pursue that unpled relief by seeking summary judgment on it. *See* ECF 170 (Plaintiffs' Motion for Partial Summary Judgment) at 2-6. American Home consistently opposed trial of this unpled claim, and continues to do so. *E.g.*, ECF 211 (Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment) at 3-8; ECF 277 (Defendant's Motion to Exclude Plaintiffs' Unpled Statutory Interest Claim Under Section 627.70131 at Trial); ECF 331 (Joint Pretrial Stipulation) at 5, 8-9; and ECF 349 (Defendant's Motion for Reconsideration). However, the Court disagreed that Plaintiffs' request for statutory penalty interest was an unpled claim, *see* ECF 337 at 11, and allowed Plaintiffs to pursue statutory penalty interest at trial.

At trial, Plaintiffs confirmed their election of statutory penalty interest over prejudgment interest in their: a) presentation of evidence, b) proposed jury instructions and verdict form, c) agreement to the jury instructions and verdict form presented to the jury, and d) closing argument where they requested that the jury award statutory penalty interest. *See* ECF 356 (Plaintiffs' Proposed Jury Instructions); ECF 357 (Plaintiffs' Proposed Verdict Form); ECF 407, April 18, 2024 Trial Tr. at 262:8-10 (Plaintiffs agreeing there are no objections to the jury instructions), 155:23-156:1 (agreeing they have no objections to the verdict form), 203:6-14 (requesting statutory penalty interest in closing).

Accordingly, assuming *arguendo* that statutory penalty interest was pled as the Court has determined, Plaintiffs would be entitled to recover prejudgment interest **or** statutory penalty interest – but not both. Here, statutory penalty interest covers 100% of the interest on ALE Plaintiffs claim they are also entitled to recover. Therefore, recovery of both would impermissibly award Plaintiffs interest on the same principal amount for the same period of time. "Litigants in

federal court may pursue alternative theories of recovery, regardless of their consistency. Fed.R.Civ.P. 8(e)(2).  A party may not, however, recover separately on inconsistent theories when one theory precludes the other or is mutually exclusive of the other." *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir.), *adhered to*, 681 F.2d 734 (11th Cir. 1982) (cited by *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1540 (11th Cir. 1986). Plaintiffs also cannot seek double recovery of damages.  *See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009) (explaining that even "[w]here a plaintiff seeks recovery for the same damages under different legal theories, only a single recovery is allowed."); *Kadiyala v. Pupke*, No. 22-10211, 2024 WL 33910, at *2 (11th Cir. Jan. 3, 2024) ("[C]ourts do have the power and duty to prevent 'double recovery.'").  Here, recovery of both prejudgment interest and statutory penalty interest is barred by Section 627.70131 and Plaintiffs' election of statutory penalty interest over prejudgment interest.

Accordingly, the Court should award zero dollars for "ALE interest as of first date of lease" and enter Judgment on this issue in favor of American Home due to Plaintiffs' election of statutory penalty interest under Section 627.70131.

**C. The Jury Awarded "ALE Interest as of First Date of Lease" as <u>Plaintiffs' Only Damage.</u>**

Question 3 on the verdict form asked the jury to "state the amount of the Newmans' damages, if any" and provided a blank for the jury to insert a dollar figure.  However, instead of providing a dollar figure, the jury stated "ALE interest as of first date of lease":

**QUESTION 3:** Please state the amount of the Newmans' damages, if any, that you find was reasonably foreseeable as a result of American Home's bad faith conduct and/or its violation(s) of the Florida Unfair Claim Settlement Practices Act: *ALE interest as of first date of lease*

$ _____

Proceed to answer Question 4.

ECF 412. The jury did <u>not</u> award Plaintiffs any of the appraisal-related attorneys' fees and other costs that comprised the only compensatory damages Plaintiffs sought at trial, nor did the jury award Plaintiffs interest on any element of coverage other than ALE.

To understand the jury's answer to Question 3, it is appropriate to consider the jury instructions given on this issue. The Court instructed the jury as follows:

> If you find that American Home acted in bad faith that resulted in reasonably foreseeable damages, then you should consider whether the Newmans are entitled to statutory interest.

> To recover statutory interest, you must find that American home did not pay claim(s) within 15 days after there were no longer factors which reasonably prevented payment.

> As to each separate payment by American home, if American Home paid more than 15 days after there were no longer factors beyond the control of the insurer which reasonably prevented such payment, you should so note that on the Verdict Form. I will calculate and award the statutory amount at the conclusion of the case.

ECF 411 (Jury Instructions) at 14.

The jury instructions informed the jury's answer to Question 3. The Court instructed the jury to "consider whether the Newmans [were] entitled to statutory interest" if they found that American Home's conduct "resulted in reasonably foreseeable damages" and that the Court, not the jury, would "calculate and award" the amount of statutory interest. *Id.* Notably, the jury was not instructed that interest was not a "damage" that could not be included in response to Question

10

3.[2]   Moreover, the only instruction the jury received referencing interest was the instruction regarding _statutory_ interest (which was the only interest requested by Plaintiffs at trial).  Thus, the only "logical and probable" understanding of the jury's answer to Question 3 is that the jury found that Plaintiffs' only damage _was_ the statutory interest on ALE "as of first date of lease."  _See Wilbur_, 393 F.3d at 1200.  And, following the instructions given by the Court, the jury left the calculation of the amount of that interest amount to the Court.

Accordingly, the Court should award zero dollars for "ALE interest as of first date of lease" and enter Judgment on this issue in favor of American Home.

**D.  "ALE Interest as of First Date of Lease" Is Not a Legally Cognizable Compensatory Damage In This Case.**

Assuming _arguendo_ that "ALE interest as of first date of lease" was not understood by the jury to be statutory penalty interest, it would have been prejudgment interest, which compensates a party for the loss of use of money.  _Regions Bank v. Maroone Chevrolet, L.L.C._, 118 So. 3d 251, 257 (Fla. 3d DCA 2013) ("The interest compensates the plaintiff for the loss of use of the amount awarded, and thus interest accrues from the date the money was due until the date of the judgment."); _Mathers v. Brown_, 21 So. 3d 834, 839 (Fla. 4th DCA 2009) ("awarding prejudgment interest is not to penalize the losing party, but rather to compensate the successful claimant for losing the use of the money between the date he was entitled to it and the date of judgment.") (internal quotations omitted).  However, in the insurance and appraisal context, and under the pleadings in this case, the prejudgment interest awarded by the jury is barred as a matter of law.

<u>First</u>, prejudgment interest cannot be awarded where, as here, no compensatory damages were awarded.  _Federated Nat'l Ins. Co. v. Bocinsky_, Fla. 334 So. 3d 384 (Fla. 5th DCA 2022).

---

[2] Moreover, as discussed above, Plaintiffs expressly requested that the jury be instructed _not_ to include interest in any compensatory damage award.  ECF 357-1 at 4.

Second, prejudgment interest on ALE is barred where, as here, appraisal was invoked and the ALE award was timely paid pursuant to the Policy. *Bullard Bldg. Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 8:08-CV-50-T-30MAP, 2009 WL 2423436, at *6 (M.D. Fla. Aug. 4, 2009) (dismissing claim for prejudgment interest in a bad faith case where the defendant paid the appraisal award within the time limits set forth in the insurance policy); *see also Jablonski v. St. Paul Fire & Marine Ins. Co.*, 645 F. Supp. 2d 1101, 1105 (M.D. Fla. 2009) (finding that prejudgment interest on the jury's verdict on the bad faith claim was due on the amount of the award paid after the policy's time limit but that no interest was due on the amount of the award paid pursuant to the time limitation); *Chateaubleau Villas Condo Assoc., Inc. v. Mt. Hawley Ins. Co.*, No. 08-23180-CIV, 2010 WL 4923112, at *3 (S.D. Fla. Nov. 29, 2010) (denying motion for prejudgment interest where, as here, the insurer did not deny coverage but appraisal was invoked to resolve the amount to be paid to satisfy the claim, and payment of the award was made within the policy's time limit).

Under Plaintiffs' Policy, where there is an appraisal, the appraisal award must be paid within 60 days and it is undisputed that American Home made payment thirty days after the ALE award was rendered. *See* ECF 419-6 (Trial Exhibit P10 – Plaintiffs' Insurance Policy) at 23; ECF 411 (Jury Instructions) at 9 (instructing that the Parties have stipulated that the ALE award was rendered on September 15, 2020 and that the Parties also stipulated that American Home issued payment on that award on October 15, 2020.  Additionally, the evidence presented at trial supports these stipulations, including the appraisal award evidencing the September 15, 2020 award date (ECF 419-41, Trial Exhibit P78 – ALE Appraisal Award) and the check showing the October 15, 2020 payment date (ECF 421-80, Trial Exhibit D-315 – Letter with Proof of Payment).

Accordingly, the Court should award zero dollars for "ALE interest as of first date of lease"

and enter Judgment on this issue in favor of American Home.

**E. Plaintiffs' Calculation of "ALE Interest as of First Date of Lease" Is Wrong In Any Event.**

Plaintiffs' calculation of "ALE interest as of first date of lease" is also incorrect.  To arrive at **$152,693.55**, Plaintiffs calculated interest on $1,400,000 (the amount of ALE awarded in appraisal) from February 15, 2019 ("the first date of the Newmans' apartment lease for which they were entitled to ALE benefits") through October 15, 2020 (the date the ALE appraisal award was paid).  But that is not what the jury awarded.  The jury awarded "ALE interest as of first date of lease" – not interest on the ALE award.  Based on the undisputed evidence adduced at trial, Plaintiffs paid $40,000 *on a monthly basis* to rent their apartment at the Mansions at Acqualina.  ECF 421-31 (Defendant's Trial Exhibit D71 – Newmans' Lease for the Mansions at Acqualina).  They did not pay a lump sum of $1,400,000 on February 15, 2019, as Plaintiffs' calculation of the ALE interest suggests.  Indeed, the undisputed evidence adduced at trial showed that as of October 15, 2020 when the $1,400,000 ALE award was paid in full, Plaintiffs had only paid eighteen (18) months of rent totaling $720,000.  There is no basis in the record, nor is there any reason to believe, the jury intended to award Plaintiffs a windfall.[3]

**II.  Plaintiffs Are Not Entitled to an Award of Prejudgment Interest on "ALE Interest as of First Date of Lease."**

Plaintiffs also seek an award of prejudgment interest in the amount of **$27,266.26** on the "ALE interest as of first date of lease" awarded by the jury.  They are not entitled to it.

<u>First</u>, because Plaintiffs should receive no award under Question 3, there is no basis for prejudgment interest.

---

[3] Applying the statutory interest rate, should the Court determine that this damage is not barred as a matter of law, the interest on ALE as paid by Plaintiffs on a monthly basis – as opposed to the interest on the ALE award – would be $59,892.71.  A spreadsheet calculating the interest is attached as Exhibit B.

Second, as a matter of Florida law, a party is not entitled to "interest on interest." *See Brown v. Estate of Stuckey*, 710 So.2d 679,680 (Fla. 1st DCA 1998) ("They are not entitled to interest on interest, which is the effect of the judgment the trial court entered.").[4]

Third, Plaintiffs do not meet the standard for an award of prejudgment interest. The Florida Supreme Court addressed the availability of prejudgment interest in *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla. 1985). The Court held: "Once a verdict has liquidated the damages as of a date certain, prejudgment interest is awardable based on a mathematical calculation." *Albanese Popkin Hughes Cove, Inc. v. Scharlin*, 141 So.3d 743 (Fla. 3d DCA 2014) (reversing prejudgment interest award) (citation omitted); *accord Citizens Prop. Ins. Corp. v. Nunez*, 194 So.3d 1064, 1071 (Fla. 2d DCA 2016) (reversing prejudgment interest award where "the parties disputed the repair method and cost, the jury instructions asked the jury to decide the amount of loss without determining a date of loss, and there was no factual determination establishing an earlier fixed date of loss"). "There are two prerequisites to the award of prejudgment interest as damages: (i) Out-of-pocket pecuniary loss, and (2) a fixed date of loss." *Underhill Fancy Veal, Inc. v. Padot*, 677 So.2d 1378, 1380 (Fla. 1st DCA 1996).

Here, both prerequisites are lacking. The jury did not award an "[o]ut-of-pocket pecuniary loss," although Plaintiffs requested it to do so. Instead, the jury awarded "ALE interest as of first date of lease." The jury also did not identify "a fixed date of loss" as of which the ALE interest was due to have been paid. Instead, it identified a date from which the ALE interest should be calculated.

For these reasons, other courts have declined to award prejudgment interest in statutory

---

[4] State law determines whether a successful litigant is entitled to prejudgment interest. *Venn v. St. Paul Fire & Marine Ins. Co.,* 99 F.3d 1058, 1066 (11th Cir. 1996).

bad faith cases.  *See Jablonski v. St. Paul Fire & Marine Ins. Co.*, 645 F.Supp.2d 1101, 1106 (M.D. Fla. 2009).  In *Jablonski,* the court distinguished between an award of prejudgment interest on the untimely paid appraisal award (which was proper) and an award of prejudgment interest on the jury's subsequent bad faith award (which was not).  The court stated:

> In the case at bar, Jablonski's entitlement to payment of the loss caused by Hurricane Charley pursuant to the terms of the insurance contract entered into by and between him and St. Paul was a property right that vested at the time St. Paul's obligation to pay the loss ripened, as discussed above. Jablonski's statutory bad-faith claim, however, is more readily characterized as a tort claim than a claim involving property damage. Moreover, beside the fact that the value of Jablonski's claim was not readily ascertainable until the jury rendered its verdict in this case, even now there is no way to pinpoint the specific time at which its value would have been ascertainable. *Cf. Underhill Fancy Veal*, 677 So.2d at 1380. In theory, Jablonski could have asked the jury to determine a date on which his loss became ascertainable. In the absence of such a factual finding, it is inappropriate for this Court to substitute its own best estimate as to what that date might be.

*Id*.  Accordingly, the court denied plaintiff's motion for prejudgment interest on the jury's award of bad faith damages.  *Id*.

Finally, Plaintiffs' request for prejudgment interest on "ALE interest as of first date of lease" is barred by §627.70131(5)(a), Fla. Stat., which states: "If there is a claim for prejudgment interest, the insured shall select whether to receive prejudgment interest *or* interest under this subsection." (emphasis added).  In sum, both as a matter of Florida common law and under Florida Statutes, Plaintiffs may not recover both ALE interest and prejudgment interest on that interest.

**III.    Plaintiffs Are Not Entitled to an Award of Statutory Interest.**

In addition to the "ALE interest as of first date of lease" awarded by the jury, and the improper request for prejudgment interest on that interest, Plaintiffs claim an entitlement to additional statutory interest in the amount of **$337,925.68** pursuant to §627.70131, Fla. Stat.  They are not entitled to it.

First, Section 627.70131, Florida Statutes, does not support an independent cause of action.

Therefore, because Plaintiffs failed to prove entitlement to any compensatory damages at trial, which is required to state a cause of action under Section 624.155(1)(a)-(b), Plaintiffs are not entitled to recover any statutory penalty interest.[5]  Thus, Plaintiffs should also be awarded $0 in statutory penalty interest.

<u>Second</u>, the jury awarded Plaintiffs "ALE interest as of first date of lease" and Plaintiffs are entitled to no more interest than the jury clearly and specifically awarded to them.  Plaintiffs' contention that they are entitled to statutory interest in addition to the "ALE interest" awarded by the jury is based on the jury's answer to Question 4.  But this improperly ignores the jury's very clear and specific answer to Question 3.  The jury, when asked to insert a damages number, instead wrote in "ALE interest as of first date of lease" and, consistent with its answer to Question 3, answered "YES" to the October 15, 2020 payment (which included the  payment of the ALE Award) in Question 4, which asked: "[D]o you find that American Home failed to make the payment within 15 days after there were no longer factors beyond the control of American Home which reasonably prevented such payment?"

In entering judgment, it is incumbent upon the Court to consider the record – and the jury's verdict – as a whole.  *See supra* at 3.  That is particularly true here.  The jury instructions directed the jury to "consider whether the Newmans were entitled to statutory interest" and instructed the jury that "[t]o recover statutory interest, you must find that American Home did not pay claim(s) within 15 days after there were no longer factors which reasonably prevented payment."  ECF 411 at 14.  The jury provided its answer in response to Question 3, and consistent with its conclusion regarding American Home's payment of ALE to Plaintiffs, answered "YES" to Question 4 (for

---

[5] The version of the statute in effect when American Home paid the ALE award identified this subsection as 5(a) although it was later moved to 7(a).

the October 15, 2020 payment which included the ALE award).  ECF 412 at 2.  There is no basis

to conclude, as Plaintiffs do, that the jury's answer to Question 4 supports an award of statutory

interest *in addition to* the interest clearly and specifically awarded by the jury in response to

Question 3.  Instead, the opposite is true because the answer to Questions 3 and 4 address the same

award.  The jury's explicit designation of "ALE interest" in Question 3 – rather than a dollar sum

– is consistent with the answer to Question 4 and the Court's instructions that it – not the jury –

will calculate the sum of such statutory interest.

Third, the statutory interest that Plaintiffs seek in addition to the "ALE interest as of first

date of lease" awarded by the jury is duplicative of the jury's award of interest in Question 3.

Plaintiffs are barred from obtaining a double recovery.  *See supra* at 9.

Finally, Plaintiffs' calculation of statutory interest is based on assertions not supported by

the jury's verdict or the record.  Plaintiffs calculate statutory interest on the total amount paid by

American Home on October 15, 2020 ($1,834,389.15) from October 11, 2017 because, according

to Plaintiffs, "American Home received notice of the only insurance claim at issue in this case on

October 11, 2017."  ECF 425 at 3.

There are two fundamental problems with Plaintiffs' calculation.  First, Plaintiffs' assertion

that "American Home received notice of the only insurance claim at issue in this case on October

11, 2017" is not supported by the jury's verdict or the record.  Question 4 did not ask the jury to

identify the date when the claim that resulted in the identified payment was made.  Nor is there

any basis in the record to conclude that "the only insurance claim at issue" was made on October

11, 2017.  To the contrary, the record is undisputed that Plaintiffs did *not* make a claim for ALE

on October 11, 2017, and did not lease their apartment at the Mansions at Acqualina until February

15, 2019.  *See* ECF 419-18 (Trial Exhibit P27 – First Notice of Loss); ECF 421-31.  Further, in its

answer to Question 3, the jury clearly and specifically indicated the date from which interest should be calculated, and it was not October 11, 2017 – it was February 15, 2019, the "first date of lease." *See* ECF 421-31. Second, Plaintiffs ignore the fact that there were *two* payments made on October 15, 2020 – one payment for $1,527,321.70 (which included the ALE awarded in appraisal) and another payment for $307,067.45. ECF 411 at 9. Question 4 asked about an October 15, 2020 *payment*, but does not specify *which* October 15, 2020 payment, the amount of the payment, or what the payment was for (in contrast to the jury's answer to Question 3).

Properly calculating statutory penalty interest on the $1.4 million paid on October 15, 2020 on the ALE appraisal award as of the date the lease was first entered (February 15, 2019), as compared with Plaintiffs' miscalculation of statutory penalty interest from the first notice of loss on October 11, 2017, would yield statutory penalty interest in the amount of $153,651.82.[6] A spreadsheet approximating this reduction in interest is attached as Exhibit C.[7]

## IV.    Plaintiffs Are Not Entitled to an Award of Prejudgment Interest on Statutory Interest.

In addition to the "ALE interest as of first date of lease" awarded by the jury, the improper request for prejudgment interest on that interest, and statutory penalty interest, Plaintiffs also seek prejudgment interest in the amount of **$60,342.91** on statutory penalty interest. They are not entitled to it.

First, as a matter of Florida law, a party is not entitled to "interest on interest." *See Brown*, 710 So.2d at 680 (Fla. 1st DCA 1998) ("They are not entitled to interest on interest, which is the

---

[6] Plaintiffs did not make a claim for ALE until February 15, 2019, at the earliest, when they entered into a lease and, for the first time, incurred additional living expenses (as the policy provides ALE coverage only after being incurred). Plaintiffs did not request ALE in their first notice of loss on October 11, 2017. Further, regardless of how it is calculated, statutory penalty interest would subsume all "ALE interest as of first date of lease" that the Jury awarded.

[7] If the Court rejects American Home's arguments that the Court should award zero dollars for statutory penalty interest (and it should not), American Home has attached an alternative proposed judgment with the appropriate calculation of statutory penalty interest as Exhibit D.

effect of the judgment the trial court entered."); *see Becker Holding Corp. v. Becker*, 78 F.3d 514, 517 (11th Cir. 1996); *Sirer v. Aksoy*, No. 21-CV-22280, 2023 WL 3166453, at \*11 (S.D. Fla. May 1, 2023) (holding that prejudgment interest is not calculated against punitive damages or noneconomic damages because these are not out of pocket pecuniary losses); *Alvarado v. Rice*, 614 So. 2d 498, 499 (Fla. 1993) ("It is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment."); *Illinois Cent. R. Co. v. Texas E. Transmission Corp.*, 551 F.2d 943, 944 (5th Cir. 1977) ("The rationale of the rule that penalties do not draw prejudgment interest is that a penalty does not reflect damages to the plaintiff but is assessed to encourage certain conduct on the part of the party penalized.  Interest on a penalty does not further the purpose of making an injured party whole."); *McPhillamy v. Brown & Root, Inc.*, 810 F.2d 529, 533 (5th Cir. 1987); *West v. Harris*, 573 F.2d 873, 883 (5th Cir.1978) (noting that prejudgment interest is not recoverable "when it is not a necessary element of compensation").

Second, Plaintiffs' request for prejudgment interest on statutory interest pursuant to §627.70131(5)(a), Fla. Stat., is clearly barred by the statute, which states: "If there is a claim for prejudgment interest, the insured shall select whether to receive prejudgment interest *or* interest under this subsection." (emphasis added).  In sum, both as a matter of Florida common law and under Florida Statutes, Plaintiffs may not recover both statutory interest and prejudgment interest on that interest.

Finally, Plaintiffs' request for prejudgment interest on statutory interest is duplicative of Plaintiffs' request for prejudgment interest on the "ALE interest as of first date of lease" awarded by the jury.  Plaintiffs are barred from obtaining a double recovery. *See supra* at 9.

**V.    The Court Should Retain Jurisdiction to Determine the Parties' Entitlement, If Any, to an Award of Attorneys' Fees and Costs Under Applicable Law.**

In their Motion, Plaintiffs claim that they "are also entitled to recover costs and reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 624.155(4) (2022) and Fla. Stat. § 57.041." ECF 425 at 3.  And, in their proposed judgment, Plaintiffs request that "[t]he Court reserve jurisdiction to consider an award of costs and reasonable attorney's fees pursuant to Fla. Stat. § 624.155(4) (2022) and Fla. Stat. § 57.041."  ECF 425-1.

American Home disputes that Plaintiffs are entitled to recover costs and attorneys' fees, but agrees that the Court should reserve jurisdiction to consider the award of attorneys' fees and costs, if appropriate, following the entry of judgment.  However, there is no basis to limit the Court's jurisdiction as Plaintiffs propose, as other statutes may also apply.  Instead, American Home respectfully requests that the Court reserve jurisdiction to consider the award of attorneys' fees and costs pursuant to applicable law.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should deny Plaintiffs' Motion and enter judgment in favor of American Home, reserving jurisdiction to consider the award of attorneys' fees and costs pursuant to applicable law.

Respectfully submitted,

*/s/ Angel A. Cortiñas*
Angel A. Cortiñas, FBN 797529
DENTONS US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: 305-537-0015
angel.cortinas@dentons.com

Laura Besvinick, FBN 391158
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: 305-446-2646
laura.besvinick@clydeco.us

Jack R. Reiter, FBN 28304

Gray Robinson, P.A.
333 SE 2nd Ave, Suite 3200
Miami, Florida 33131
Telephone: 305-416-6880
jack.reiter@gray-robinson.com

*Counsel for Defendant American Home
 Assurance Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel by the Court's CM/ECF system.

*/s/ Angel A. Cortiñas*

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Defendant conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion, but Plaintiffs opposes the relief requested herein.

*/s/ Angel A. Cortiñas*

21