UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-20979-JB

MICHAEL NEWMAN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JOEL NEWMAN, AND EDITH NEWMAN,

       Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY, INC.,

       Defendant.

_____/

## OMNIBUS ORDER ON POST-TRIAL MOTIONS

**THIS CAUSE** comes before the Court on the following motions: (1) Plaintiffs' Motion to Alter or Amend the Final Judgment to Include Nominal Damages; (2) Defendant's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59, to Correct an Error Under Federal Rule 60, or, in the Alternative, to Enter Judgment as a Matter of Law Under Federal Rule 50; and (3) Plaintiffs' Motion for Judgment as a Matter of Law on Statutory Interest. ECF Nos. [455], [457], [461]. The parties filed Responses in Opposition and Replies in connection with the Motions. ECF Nos. [464], [465], [466], [469], [470], [471]. Upon careful consideration of the parties' written submissions, the pertinent portions of the record, and the relevant authorities, for the reasons explained below, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motions are **DENIED,** and Defendant's Motion is **GRANTED**.

1

## I.     BACKGROUND

This is a first-party statutory bad faith insurance action which proceeded to jury trial and resulted in a verdict in Plaintiffs' favor (the "Verdict").  The jury found that Defendant did not act in bad faith in its handling of Plaintiffs' insurance claim but did violate the Florida Unfair Claim Settlement Practices Act.[1]  ECF No. [412] at 1.  The jury did not specify a dollar figure when asked to state the amount of Plaintiffs' damages as a result of Defendant's violation of the Florida Unfair Claim Settlement Practices Act.  *Id.* at 2.  Rather, the jury described Plaintiffs' damages as "ALE interest as of first date of lease."[2]  *Id.*   Pursuant to its Order on Cross Motions for Entry of Judgment, the Court found that Plaintiffs' damages were zero with respect to Defendant's violation of the Florida Unfair Claim Settlement Practices Act because there was not sufficient competent record evidence from which the Court could calculate "ALE interest as of first date of lease."  *See* ECF No. [449] at 5–7.

In addition, the jury found that one of five payments that Defendant made to Plaintiffs in connection with Plaintiffs' insurance claim, namely the October 15, 2020 payment, was not made "within 15 days after there were no longer factors beyond the control of American Home which reasonably prevented such payment," as required

---

[1] Florida Statutes § 624.155(1)(a) allows an insured who is damaged by an insurer's violation of Florida's Unfair Claim Settlement Practices Act to bring a civil action. *See* Fla. Stat. § 624.155(1)(a) ("Any person may bring a civil action against an insurer when such person is damaged . . . [b]y a violation of . . . Section 626.9541(1)(i).").

[2] Based upon the evidence presented at trial, the term "ALE" is shorthand for "additional living expenses," and the lease referenced in the jury's answer refers to an apartment lease that Mrs. Newman and her late husband entered into on February 15, 2019.  ECF No. [387] at 54-57.

by Florida Statutes § 627.70131(5)(a) ("Verdict Question 4").  *See* ECF No. [412] at 2.

The jury answered Verdict Question 4 as follows:

> **QUESTION 4:** For each of the payments listed below, do you find that American Home failed to make the payment within 15 days after there were no longer factors beyond the control of American Home which reasonably prevented such payment?
>
> | | | |
> |---|---|---|
> | March 20, 2018 payment: | YES ____ | NO _X_ |
> | April 4, 2019 payment: | YES ____ | NO _X_ |
> | April 17, 2020 payment: | YES ____ | NO _X_ |
> | October 15, 2020 payment: | YES _X_ | NO ____ |
> | February 1, 2022 payment: | YES ____ | NO _X_ |

*Id.*  Pursuant to the Court's instructions, the jury did not calculate the amount of statutory interest due to Plaintiffs under Section § 627.70131(5)(a)[3] as a result of the October 15, 2020 late payment.  Rather, the Court did so in its Order on Cross Motions for Entry of Judgment, ECF No. [449] at 8–9 and, in accordance therewith, entered Final Judgment in favor of Plaintiffs for $337,925.68 in statutory interest. ECF No. [450].

## II.    INSTANT MOTIONS

Plaintiffs filed two Motions pending before the Court.  First, Plaintiffs filed a Motion to Alter or Amend the Final Judgment to Include Nominal Damages.  ECF No. [455].  Plaintiffs seek an award of nominal damages in the amount of $100.00 in connection with the jury's finding that Defendant violated the Florida Unfair Claim

---

[3] Subsection (5)(a) was later moved to (7)(a) and subsequently amended in 2023.

3

Settlement Practices Act.  Plaintiffs argue that nominal damages are warranted because under Florida law, "[n]ominal damages can be awarded when a legal wrong has been proven, but the aggrieved party has suffered no damages" or "recoverable damages were not proven." *Id.* at 2 (collecting cases).

Defendant opposes the Motion.  ECF No. [465].  Defendant argues that nominal damages are prohibited under Section 624.155.  *Id.* at 3–6.  Defendant also argues that Plaintiffs waived the issue of nominal damages because they "offer no explanation whatsoever to warrant the extraordinary relief sought," and on the merits, Plaintiffs have failed to meet the stringent standard under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.  *Id.* at 7–9.

Next, Plaintiffs filed a renewed Motion for Judgment as a Matter of Law on Statutory Interest.  ECF No. [461].  Plaintiffs seek an award of statutory interest with respect to the four payments listed in Verdict Question 4 which the jury found Defendant made within the timeframe contemplated by Florida Statutes § 627.70131(5)(a).  Plaintiffs contend that there was no record evidence to support the jury's verdict, and it was Defendant's burden to put forth such evidence.  *Id.*

Defendant filed a Response in Opposition setting forth the evidence and testimony on which the jury may have relied to infer that the timing of each of the four payments at issue did not violate Section 627.70131(5)(a).  ECF No. [466] at 4–18.  Defendant disputes that it had the burden of proof, and also argues that the Motion is moot because Section 627.70131(5)(a) cannot form the sole basis of a private cause of action.  *Id.* at 18–21.  Finally, Defendant contends that the Motion is

improper because Plaintiffs elected prejudgment interest in their Amended Complaint and did not plead a claim for statutory interest. *Id*.

For its part, Defendant filed a Motion to Alter or Amend Judgment, to Correct an Error Under Federal Rule 60, or, in the Alternative, to Enter Judgment as a Matter of Law Under Federal Rule 50. ECF No. [457]. Defendant argues that the Court should alter, amend or correct the Final Judgment because Plaintiffs cannot recover statutory interest and, as such, judgment should be entered in favor of Defendant. Defendant offers three reasons why Plaintiffs cannot recover statutory interest. First, Defendant asserts that Plaintiffs are barred from recovering statutory interest as an independent cause of action based upon the language of Section 627.70131(5)(a). *Id*. at 6–7. Second, Defendant asserts that Plaintiffs cannot recover statutory interest as part of their bad faith claim because a violation of Section 627.70131(5)(a) is not a basis for bad faith liability or bad faith damages, and the statutory interest awarded under Section 627.70131(5)(a) is not a bad faith damage. *Id*. at 4–12. Third, Defendant asserts that Plaintiffs cannot recover statutory interest because Plaintiffs elected prejudgment interest in their Amended Complaint and did not plead statutory interest. *Id*. at 18–21. In the alternative, Defendant argues that the Court should recalculate the amount of statutory interest awarded because interest did not begin to run until Defendant received notice of an ALE claim in May 2019, which results in a lower statutory interest award. *Id*. at 15–18.

Plaintiffs oppose the Motion. ECF No. [464]. Plaintiffs argue that Defendant's violation of Florida's Unfair Claim Settlement Practices Act "is a sufficient predicate

5

and 'adverse adjudication' for the jury to consider and award statutory interest under Section 627.70131." *Id.* at 2, 4–5. Plaintiffs also argue that damages is not a necessary element of an Unfair Claim Settlement Practices Act claim because "Section 624.155 does not require a plaintiff to prove damages to obtain an adverse adjudication." *Id.* at 2, 5–15. Plaintiffs further argue that the Court should award nominal damages on Defendant's violation of the Unfair Claim Settlement Practices Act. *Id.* at 15–16. Finally, Plaintiffs contend that they properly pled statutory interest in their Amended Complaint, and the Court's calculation of statutory interest reflected in the Final Judgment is correct. *Id.* at 16–19.

## III.   ANALYSIS

The Court begins with Plaintiffs' Motions and then turns to Defendant's Motion.

### A. <u>**Plaintiffs are Not Entitled to Nominal Damages.**</u>

As mentioned, Plaintiffs seek to alter or amend the Final Judgment to include an award of nominal damages with respect to Defendant's violation of Florida's Unfair Claim Settlement Practices Act. ECF No. [455]. Section 624.155 states in pertinent part that "[a]ny person may bring a civil action against an insurer when such person is damaged" by enumerated acts of an insurer, including violation of Florida's Unfair Claim Settlement Practices Act. Fla. Stat. § 624.155(1)(a). In *Conquest v. Auto-Owners Insurance Company*, Florida's Second District Court of Appeal squarely addressed whether nominal damages are available under Section 624.155. 773 So. 2d 71 (Fla. 2d DCA 1998). The *Conquest* court held that "[b]ased

6

on our reading of the clear and unambiguous wording of the statute, we hold that nominal damages may not be recovered in a civil claim brought pursuant to section 624.155." *Id.* at 75.

Plaintiffs have not cited any authority to the contrary. Rather, Plaintiffs rely upon decisions which do not address nominal damages in the context of Section 624.155. Plaintiffs also attempt to distinguish *Conquest* because "the third-party nature of the claims [in *Conquest*] led to causation issues that are not present in this first-party action." *Id.* at 9. The Court is not persuaded because those differences were not relevant to the *Conquest* court's reasoning, which was based upon the language of the statute. *See Conquest*, 773 So. 2d at 75.

Moreover, given that this action is based upon diversity jurisdiction and the issue before the Court is one of state law, the Court must adhere to the decision reached in *Conquest*. It is well-established that "[a]bsent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citing *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 970 (11th Cir. 1986)). Plaintiffs have not provided any persuasive indication that the Florida Supreme Court would decide the issue of nominal damages under Section 624.155 differently than Florida's Second District Court of Appeal. Accordingly, the Court is bound to follow the holding in *Conquest* and concludes that Plaintiffs are not entitled to nominal damages for Defendant's violation of Florida's Unfair Claim Settlement Practices Act.

**B. Plaintiffs are Not Entitled to Additional Statutory Interest Damages.**

Plaintiffs also filed a renewed motion for judgment as a matter of law on their entitlement to additional statutory interest damages. ECF No. [461]. In particular, Plaintiffs seek judgment in their favor with respect to each of the four payments that Defendant made to Plaintiffs on which the jury declined to award statutory interest pursuant to Verdict Question 4. The four payments at issue were made on (i) March 20, 2018, (ii) April 4, 2019, (iii) April 17, 2020, and (iv) February 1, 2022. Plaintiffs contend that "[e]ven in the light most favorable to [Defendant], the record shows conclusively" that Defendant failed to make these payments "within the timeframe contemplated by Fla. Stat. § 627.70131(5)(a)" and, as such, Plaintiffs are entitled to statutory interest as to these payments. *Id.* at 2.

Under Federal Rule of Civil Procedure 50, "a party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007) (quotation marks omitted) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001)). "[I]n ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Chaney*, 483 F.3d at 1227; *see also, Cavazos v. Smith*, 565 U.S. 1, 4 (2011) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could

have agreed with the jury."). To determine whether the verdict is supported by sufficient evidence, "the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *McGinnis v. Am. Home Mortg. Servicing, Inc.,* 817 F.3d 1241, 1254 (11th Cir. 2016) (quoting *Beckwith v. City of Daytona Beach Shores,* 58 F.3d 1554, 1560 (11th Cir.1995)). "It is the jury's task—not the court's—to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *McGinnis,* 817 F.3d at 1254.

The applicable version of Section 627.70131(5)(a) provides in pertinent part:[4]

> Within 90 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. Any payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03.

Fla. Stat. § 627.70131(5)(a) (2020). Plaintiffs contend that there was no evidence presented at trial that would have allowed the jury to conclude that Defendant made the four payments at issue within fifteen (15) days after there were no longer factors beyond its control which reasonably prevented such payment. ECF No. [461] at 11–19. However, the Response details—with respect to each of the four payments—the record evidence that supported the jury's verdict as to Question 4. ECF No. [466] at

---

[4] As the Court explained in its prior Order on Cross-Motions for Summary Judgment, the parties agree that the language of subsection (5)(a) quoted above is the version that applies in this action. *See* ECF No. [337] at 11 n.4.

4–18.  While Plaintiffs assert that the cited evidence is insufficient, ECF No. [470] at 4–10, Plaintiffs must show that "no rational trier of fact could have agreed with the jury" to succeed on their renewed motion for judgment as a matter of law.  *Cavazos*, 565 U.S. at 4.

The Court has carefully reviewed the evidence relied upon by Defendant and cannot conclude that Plaintiffs have met that demanding standard.  The Court is mindful that "[i]f reasonable jurors could reach different results, we must not second-guess the jury or substitute our judgment for its judgment."  *Shannon v. Bellsouth Telecomm., Inc.,* 292 F. 3d 712, 715 (11th Cir. 2002) (quotation marks and citation omitted).  Accordingly, the Court concludes that Plaintiffs are not entitled to judgement as a matter of law on statutory interest in connection with Defendant's March 20, 2018, April 4, 2019, April 17, 2020, and February 1, 2022 payments to Plaintiffs.

## C. Defendant is Entitled to Judgment in its Favor Because Statutory Interest Under Section 627.70131 is Not Available Given That Plaintiffs Did Not Establish a Legally Cognizable Claim Under Section 624.155.

Defendant seeks to alter or amend the Final Judgment pursuant to Rule 59(e), or correct the Final Judgment pursuant to Rule 60(b), and enter judgment in its favor because Plaintiffs cannot recover statutory interest given that they were not awarded any damages for Defendant's violation of Florida's Unfair Claim Settlement Practices Act.  ECF No. [457].  A motion under rule 59(e) of the Federal Rules of Civil Procedure can be granted to correct "manifest errors of law or fact."  *Arthur v. King,* 500 F. 3d 1335, 1343 (11th Cir. 2007) (citation omitted).  Rule 60(b) of the Federal Rules of Civil

Procedure provides that "the court may relieve a party . . . from a final judgment . . ." based upon, among other reasons, "mistake, inadvertence, surprise, or excusable neglect[.]"   Fed. R. Civ. P. 60(b)(1).   The Supreme Court has held that the term "mistake" in Rule 60(b)(1) includes errors of law.  *See Kemp v. United States*, 596 U.S. 528, 530 (2022) ("We conclude, based on the text, structure, and history of Rule 60(b), that a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1).").

The parties do not dispute that Section 627.70131(5)(a), pursuant to which Plaintiffs were awarded statutory interest, cannot form the basis of an independent cause of action.  *See* ECF No. [457], [464].  Indeed, the statute explicitly states that "failure to comply with this subsection does not form the sole basis for a private cause of action."  Fla. Stat. § 627.70131(5)(a).  The parties' dispute instead focuses on Section 624.155, and more specifically, whether an insured can recover statutory interest under Section 627.70131(5)(a) in the absence of damages under Section 624.155.  It appears that no other court has addressed this issue.

Plaintiffs argue that they are entitled to statutory interest because "at most, Section 627.70131 requires a violation of a separate provision of the code, and the jury expressly found that [Defendant] violated a separate provision of the code: the UCSPA."  ECF No. [464] at 6.  However, this is not what Section 627.70131 says.  The statute only states that "failure to comply with [Section 627.70131(5)(a)] constitutes a violation of this code" and that "failure to comply with [Section 627.70131(5)(a)] does not form the sole basis for a private cause of action."  Fla. Stat. § 627.70131(5)(a). Courts have interpreted this language to mean that the legislature "intend[ed] to bind

11

the insurer to its provisions in response to a Department of Insurance review or a bad faith claim." *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-cv-22988, 2008 WL 2490450, at * 11 (S.D. Fla. June 18, 2008), *report and recommendation adopted*, No. 07-cv-22988, 2008 WL 2856457 (S.D. Fla. July 24, 2008); *see also Berkower v. USAA Cas. Ins. Co.* No. 15-cv-23947, 2016 WL 4574919, at *4 (S.D. Fla. Sept. 1, 2016). As the *Buckley Towers* court explained, "if [the insured] ultimately pursues such a [bad faith] claim against [the insurer] for this loss, [the insured's] argument that [the insurer] failed to timely process its claim can rely in part upon the requirements of section 627.70131." 2008 WL 2490450 at *11.  In other words, Section 627.70131 does not create an independent remedy and is dependent upon a valid claim under Section 624.155.

Plaintiffs next argue that they established a claim under Section 624.155 because damages are not a required element.  ECF No. [464] at 8–15.  Plaintiffs contend that the statute refers to a person "being 'damaged' (or injured, harmed) [which] is not the same as being entitled to 'damages,' which are monetary redress for the injury sustained." *Id*. at 8.  Section 624.155(1) states that "[a]ny person may bring a civil action against an insurer when such person *is damaged* . . . [b]y a violation of . . . Section 626.9541(1)(i)[,]" namely Florida's Unfair Claim Settlement Practices Act.  Fla. Stat. § 624.155(1)(a)(i) (emphasis supplied).

Plaintiffs contend that the term "damaged" is synonymous with "injured" such that Plaintiffs only must show that they were injured by Defendant's violation of the Unfair Claim Settlement Practices Act regardless of whether they proved that they

12

suffered any damages.  ECF No. [464] at 9–11.  Plaintiffs assert that "an injury is established from the verdict form . . . [because] the jury did not answer $0 for the question damages" [but] [i]nstead, it answered 'ALE interest as of first day of lease.'" *Id*. at 12–15.  The Court cannot agree.

As Florida's Second District Court of Appeal explained, "[b]oth this court and the Florida Supreme Court have recognized that 'damages will be a necessary element explicitly required by the language of section 624.155(1)' . . . ." *Conquest v. Auto-Owners Insurance Company*, 773 So. 2d 71, 75 (Fla. 2d DCA 1998) (citations omitted); *see also United Auto Ins. Co. v. Colon*, 990 So. 2d 1246, 1247 (Fla. 4th DCA 2008) (remanding for entry of judgment in favor of insurer because insured "offered no evidence on which to justify any amount of economic damages resulting from the carrier's bad faith conduct.").  Indeed, an insured who brings a claim under Section 624.155 and asserts that it suffered economic damages "has the burden of presenting evidence justifying a specific and definite amount" of those damages.  *Colon*, 990 So. 2d at 1248.  Where the insured fails to present such evidence, "the carrier is entitled to judgment in its favor on plaintiff's claim for bad faith damages." *Id*.  That is the situation here.

The Court previously found that Plaintiffs' damages were zero with respect to Defendant's violation of the Florida Unfair Claim Settlement Practices Act because there was not sufficient competent record evidence from which the Court could calculate "ALE interest as of first date of lease." *See* ECF No. [449] at 5–7.  That is, contrary to Plaintiffs' assertion, the jury effectively answered $0 when asked to state

the amount of Plaintiffs' damages because Plaintiffs did not introduce evidence to support the category of damages identified. Thus, even under Plaintiffs' interpretation, they did not establish an injury from the verdict form.

Absent damages, Plaintiffs have not established a legally cognizable claim under Section 624.155. *See Conquest*, 773 So. 2d at 75; *Colon*, 990 So. 2d at 1247. As a result, statutory interest pursuant to Section 627.70131 is not available and Defendant is entitled to judgment in its favor.

## IV.   CONCLUSION

For the reasons explained above, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Plaintiffs' Motion to Alter or Amend the Final Judgment to Include Nominal Damages, ECF No. [455], is **DENIED**.

2.  Plaintiffs' Motion for Judgment as a Matter of Law on Statutory Interest, ECF No. [461], is **DENIED**.

3.  Defendant's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59, to Correct an Error Under Federal Rule 60, or, in the Alternative, to Enter Judgment as a Matter of Law Under Federal Rule 50, ECF No. [457], is **GRANTED**.

4.  The Final Judgment dated February 24, 2025, ECF No. [450], is **VACATED**.  The Court will separately enter an Amended Final

Judgment in favor of Defendant.

**DONE AND ORDERED** in Miami, Florida, this 16th day of March, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**