UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-cv-20979-JB

MICHAEL NEWMAN, as Personal Representative
of the ESTATE OF JOEL NEWMAN, and
EDITH NEWMAN,

     *Plaintiffs*,

v.

AMERICAN HOME ASSURANCE
COMPANY, INC.,

     *Defendant*.

_____/

**PLAINTIFFS' MOTION FOR NEW TRIAL ON DAMAGES
AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 50(d)[1] and 59, Plaintiffs Edith Newman and

Michael Newman, as personal representative of the Estate of Joel Newman ("Plaintiffs" or the

"Newmans"), respectfully move for a new trial on damages. In support, the Newmans submit the

following Memorandum of Law.

**INTRODUCTION**

After a two-week trial, a jury found that Defendant American Home Assurance Company,

Inc. ("American Home") violated the Florida Unfair Claim Settlement Practices Act ("UCSPA")

in handling the Newmans' insurance claim. Based on that finding, the jury was instructed to "state

the amount" of compensatory damages, if any, that were reasonably foreseeable because of

---

[1] The Newmans are entitled to seek a new trial now because the amended judgment of March 17, 2026 represents the first time the Court has entered a judgment against the Newmans, and Rule 50(d) provides that "[a]ny motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 50(d).

American Home's violations. Rather than stating a dollar amount, however, the jury wrote the phrase "ALE interest as of first date of lease" next to the dollar sign on the verdict form. Although the jury did not follow the Court's instructions, its answer unmistakably reflects an intent to award damages. The jury did not answer "zero," "0," "nothing," "none," "N/A," or anything else that could be interpreted as an intent to award zero damages. The jury also determined that American Home's October 15, 2020 payment to the Newmans was untimely, entitling the Newmans to statutory interest pursuant to Section 627.70131(5)(a), Florida Statutes.

Despite these findings—which squarely demonstrate the jury's intent to hold American Home liable and to award damages—the Newmans now face a judgment entered against them, and American Home stands poised to seek attorneys' fees. The amended judgment, as it stands, confers an undeserved windfall upon American Home, permitting an insurer found liable for statutory violations to escape all monetary consequences of its unlawful conduct.

The parties and the Court reached this juncture because the Court determined that "ALE interest as of first date of lease" could not be calculated based on the evidence at trial. A judgment against the Newmans is not required under these circumstances. Rather, under Rule 59, the appropriate remedy is a new trial on damages. *See Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1239 (11th Cir. 2008) (remanding for new trial on damages because "the evidence presented was insufficient to provide any reasonable certainty by which to calculate damages"); *U.S. ex rel. Montcrief v. Peripheral Vascular Assocs., P.A.*, 133 F.4th 395, 409 (5th Cir. 2025) ("The district court expressly determined that the trial record did not contain sufficient evidence from which to calculate damages. We thus hold that the district court should have granted a new trial on damages with respect to the Testing Only claims.").

2

A new trial should be limited to damages and Question No. 3 on the verdict form. Even considering the Court's post-verdict rulings, every aspect of the jury's verdict in favor of the Newmans is clear and supported by the evidence *except* the jury's damages answer of "ALE interest as of first date of lease." A new jury can be instructed that a prior jury has already determined that American Home violated the UCSPA, and that the new jury's sole task is to answer a single, straightforward question: "Please state the amount of the Newmans' damages, if any, that you find was reasonably foreseeable as a result of American Home's bad faith conduct and/or its violation(s) of the Florida Unfair Claim Settlement Practices Act."

If a new jury awards compensatory damages, those damages would then be combined with the awarded statutory interest to form a judgment in the Newmans' favor.[2]

---

[2] The Newmans maintain and do not waive their prior positions as to the damages available to them under governing law and the jury's verdict. That includes the position—unrebutted by American Home and not yet addressed by the Court—that attorneys' fees incurred by the Newmans in prosecuting this first-party bad faith case under Section 624.155(4), Florida Statutes (now Section 624.155(7) in the current iteration of the statute) are damages that can comprise a judgment in the Newmans' favor when a jury finds a statutory violation. *See McLeod v. Cont'l Ins. Co.*, 591 So.2d 621, 626 (Fla. 1992) (finding first party bad-faith damages include "reasonable attorney's fees incurred by the Plaintiffs"), *superseded by statute on other grounds*; *Royal Marco Point I Condo. Ass'n v. QBE Ins. Corp.*, 2010 U.S. Dist. LEXIS 70134, *10 (M.D. Fla. July 13, 2010) (noting that "damages" for a section 624.155 claim "include interest, court costs and reasonable attorney's fees incurred in both the bad faith litigation and in the resolution of the underlying claim as a result of the insurer's conduct in delaying payment"); *United States Sugar Corp. v. Commerce & Indus. Ins. Co.*, 2024 U.S. Dist. LEXIS 222121, *14 (S.D. Fla. Dec. 9, 2024) (same); *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2024 U.S. Dist. LEXIS 178360, *16 (M.D. Fla. Oct. 1, 2024). Writing in dissent in *McLeod*, given the majority's refusal to allow recovery of judgment in excess of policy limits (a result since superseded by statute), Justice Barkett observed that costs and attorney's fees associated with prosecuting a first-party action may be "the only consequential damages suffered by the Plaintiff." *McLeod*, 591 So. 2d at 627 (Barkett, J., dissenting). Those fees and costs, combined with the statutory violations found by the jury, entitle the Newmans to a monetary judgment in an amount to be determined, regardless of whether a new trial is ordered.

## RELEVANT BACKGROUND

At trial, the Newmans presented evidence of American Home's improper handling of the Newmans' insurance claim under governing Florida law. The Newmans also presented unrebutted evidence of their consequential damages—including nearly $900,000 in costs (including attorney fees incurred prior to this action) sustained—because of American Home's statutory violations. *See* Apr. 11, 2024 Hr'g Tr. at 97:4-121:13 (M. Newman testimony and admitted exhibits); Apr. 18, 2024 Hr'g Tr. at 185:16-186:1 (Closing Statement).

On April 19, 2024, after the nearly two-week trial, the jury found that American Home violated the Florida UCSPA in handling the Newmans' insurance claim:

**QUESTION 2:** Did the Defendant, American Home, in handling the Newmans' insurance claim, violate the Florida Unfair Claim Settlement Practices Act?

YES X NO _____

ECF 412. In addressing the damages that resulted from American Home's violation, the jury answered: "ALE interest as of first date of lease":

**QUESTION 3:** Please state the amount of the Newmans' damages, if any, that you find was reasonably foreseeable as a result of American Home's bad faith conduct and/or its violation(s) of the Florida Unfair Claim Settlement Practices Act:



ALE interest as of first date of lease

$ _____

*Id.* For purposes of determining statutory interest, the jury assessed whether each of American Home's payments were timely and determined that American Home's October 15, 2020 payment was not timely:

**QUESTION 4:** For each of the payments listed below, do you find that American Home failed to make the payment within 15 days after there were no longer factors beyond the control of American Home which reasonably prevented such payment?

| | | |
|---|---|---|
| March 20, 2018 payment: | YES _____ | NO __X__ |
| April 4, 2019 payment: | YES _____ | NO __X__ |
| April 17, 2020 payment: | YES _____ | NO __X__ |
| October 15, 2020 payment: | YES __X__ | NO _____ |
| February 1, 2022 payment: | YES _____ | NO __X__ |

*Id.*

After the verdict, the parties and the Court recognized that the central unresolved question was how to calculate damages based on the jury's answer to Question No. 3. As the Court acknowledged immediately after the verdict was rendered, "I hear you that we have an issue that we don't have a number there." Apr. 19, 2024 Hr'g Tr. at 14:3-4. Critically, however, the Court agreed with Plaintiffs that the verdict reflected the jury's intent to award *something* to Plaintiffs:

> [THE COURT:]  Look, for what it's worth, it seems to me the jury is saying, We think the Newmans are entitled to the interest on that apartment -- lease on the apartment because the insurance company obviously didn't front that money and so they shouldn't have been out that money and they're entitled to that interest.

Apr. 19, 2024 Hr'g Tr. at 12:2-6.

The parties then filed cross-motions for judgment on the jury's verdict. The Newmans demonstrated that "ALE interest as of first date of lease" could be calculated as $152,593.55. ECF No. 425 at 2. American Home disagreed, arguing principally that ALE represented a new claim and that, because American Home did not know of the lease until it was signed, no interest could be due. ECF No. 432. During oral argument, American Home's counsel went so far as to contend

that the verdict demonstrated the jury had rejected the Newmans' claims entirely. The Court squarely dismissed that argument:

> THE COURT:  The jury did not say no. The jury said no to bad faith. It said yes to the statutory violation. **It found that the Newmans had a compensatory damage** that they didn't calculate because we told them not to calculate it, but they had a number to it. And then they also found that American Home failed to make a payment within 15 days of the October 15th payment. Your reading of the jury verdict is not correct. It's just not.

Dec. 12, 2024 Hr'g Tr. at 36:9-16 (emphasis added). When American Home pressed further for judgment in its favor, the Court responded: "I think it is a hard pill to swallow that I would say that and rob them of the answer on four. That seems like a bridge too far to me." Dec. 12, 2024 Hr'g Tr. at 35:1-3.

Ultimately, the Court resolved the cross-motions by holding that "ALE interest as of first date of lease" could not be calculated and that, as a result, "Plaintiffs damages are zero under Verdict Question 3." ECF No. 449 at 7.[3] The Court nonetheless entered judgment for the Newmans in the amount of $337,925.68 based on the jury's response to Question No. 4. ECF No. 449 at 8; ECF No. 450 (judgment).

American Home then moved to amend the judgment and/or enter judgment as a matter of law in its favor. ECF No. 455. On March 17, 2026, the Court granted American Home's motion holding that "[a]bsent damages, Plaintiffs have not established a legally cognizable claim under Section 624.155" and "[a]s a result, statutory interest pursuant to Section 627.70131 is not

---

[3] In both of the cases that the Court cited—*Panosyan v. CitiMortgage Inc.*, 219 So. 3d 970, 971 (Fla. 4th DCA 2017) and *Markland v. Bank of New York Mellon*, 206 So. 3d 719 (Fla. 4th DCA 2016)—the result of those courts being unable to calculate damages was a remand for further proceedings to determine the damages, not a judgment in favor of the defendant or a determination that damages must be "zero." This Court has not yet had a new trial motion before it, but it does now, and this Court should grant the same relief that was given in *Panosyan* and *Markland*.

available and Defendant is entitled to judgment in its favor." ECF No. 478 at 14; ECF No. 479 (amended judgment).

## LEGAL STANDARD

Rule 50(d) provides that "[a]ny motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 50(d); *see also Taxinet Corp. v. Leon*, 114 F.4th 1212, 1229 (11th Cir. 2024) (acknowledging Rule 50(d)). Rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).

## ARGUMENT

### I.      The jury's verdict form answer regarding damages requires a new trial.

Under the Rule 59 standard, a new trial is warranted here for multiple independent reasons. First, a new trial is appropriate when "the evidence presented was insufficient to provide any reasonable certainty by which to calculate damages" awarded by the jury. *Aronowitz*, 513 F.3d at 1239. Second, when an insurmountable "ambiguity is perceived, the trial court may resubmit the issue to the jury before it is dismissed or order a new trial on some or all of the issues." *Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983). Third, "[f]ailure by the jury to follow the court's instructions, which results in prejudice to the moving party, is a proper ground for a new trial." *Alphamed Pharms. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1356 (S.D. Fla. 2006), *aff'd,* 294 F. App'x 501 (11th Cir. 2008).

### A.      The Court's ruling that the jury's damages award could not be calculated requires a new trial.

The Eleventh Circuit has found that a new trial is warranted when "the evidence presented was insufficient to provide any reasonable certainty by which to calculate damages" and "no

7

yardstick was given to the jury that could be used to determine [damages] with reasonable certainty." *Aronowitz*, 513 F.3d at 1239, 1242-43 (affirming district court's new trial order).

This principle is firmly established in federal and state courts across the country. *See, e.g.*, *Montcrief*, 133 F.4th at 409 ("The district court expressly determined that the trial record did not contain sufficient evidence from which to calculate damages. We thus hold that the district court should have granted a new trial on damages with respect to the Testing Only claims."); *Smart Mktg. Grp. v. Publications Int'l Ltd.*, 624 F.3d 824, 833 (7th Cir. 2010) (finding "unclear" how the jury arrived at its "discount rate" for damages and ruling that "the district court abused its discretion in refusing to order a new trial on damages"); *Windsor v. Eaves*, 318 F.R.D. 153, 155 (N.D. Fla. 2016) (granting a new trial based on "a damages award that cannot be explained on any view of the facts"); *Panosyan*, 219 So. 3d at 971 ("[N]either the interest nor the escrow advance awards were supported by competent substantial evidence. The appropriate remedy is to reverse and remand the judgment for further proceedings to properly establish the correct amount due and owing.") (citation and internal quotation marks omitted).

The Eleventh Circuit's *Aronowitz* decision is on point. In *Aronowitz*, an inventor of diagnostic medical products brought action against a manufacturer of transdermal pharmaceutical patches alleging breach of contract. The jury returned a $2.6 million verdict for the plaintiff on the breach-of-contract claim. The district court, however, granted the defendant's motion for judgment as a matter of law and conditionally granted the defendant's motion for a new trial.

On appeal, the Eleventh Circuit reversed the order granting the defendant's motion for judgment as a matter of law (thereby vacating the judgment for the defendant) but affirmed the district court's grant of a new trial. The Eleventh Circuit agreed with the district court that "the evidence presented was insufficient to provide any reasonable certainty by which to calculate

damages" and that "no yardstick was given to the jury that could be used to determine [damages] with reasonable certainty." *Aronowitz*, 513 F.3d at 1239, 1242-43. The Eleventh Circuit then "affirm[ed] the district court's alternative grant of a new trial as to the sole remaining unresolved issue of damages." *Id.* at 1243.

Although Eleventh Circuit decisions control here, Florida law independently compels the same result. Indeed, the two Florida appellate cases that this Court cited in its February 19, 2025 ruling—wherein the Court held that "ALE interest as of first date of lease" could not be calculated—each resulted in remand for further proceedings on damages, not judgment for the defendant. ECF No. 449 at 7.

In *Panosyan v. CitiMortgage Inc.*, 219 So. 3d 970, 971 (Fla. 4th DCA 2017), the Fourth District Court of Appeal affirmed a judgment of foreclosure but reversed and remanded for a determination of the correct amounts owed to the plaintiff because the damages awards were not proven by competent substantial evidence. *Id*. at 971. As the Fourth District explained, "neither the interest nor the escrow advance awards were supported by competent substantial evidence." But like here, the remedy was not judgment for the defendant, or a determination by the court that the plaintiff suffered zero damages. Rather, "[t]he appropriate remedy is to reverse and remand the judgment for further proceedings to properly establish the correct amount due and owing." *Id.* (citation and internal quotation marks omitted).

In *Markland v. Bank of New York Mellon*, 206 So. 3d 719 (Fla. 4th DCA 2016), the Fourth District similarly affirmed a judgment of foreclosure but remanded for further proceedings on damages. *Id*. at 720. The court explained that the amounts due were "not self-explanatory" and "the witness did not explain how those amounts were gleaned from the loan payment history." *Id*. Again, the court did not enter judgment for the defendant or judicially determine that the plaintiff

9

suffered zero damages. The court concluded, "[u]nder these circumstances, we reverse and remand for further proceedings to establish the amounts owed for accrued interest, escrow, insurance, taxes, and corporate advances." *Id.*

Here, the jury expressly found that American Home violated the UCSPA in handling the Newmans' claim. ECF No. 412, Question No. 2. The jury instructions and the verdict form—which were given in their ultimate form at American Home's urging—support the conclusion that the jury found multiple independent violations of the UCSPA, including but not limited to "[f]ailing to adopt and implement standards for the proper investigation of claims"; "[f]ailing to promptly notify the Newmans of any additional information necessary for the processing of the claim"; and "[f]ailing to clearly explain the nature of the requested information and the reasons why such information is necessary." ECF No. 411 at 12; ECF No. 412 at Question No. 2. That finding of statutory liability on multiple grounds is clear, unambiguous, and supported by the evidence—and American Home has not challenged it.

The jury then answered the question of what damages were due—and its answer was not "zero," "0," "none," "unavailable," "N/A," or anything of the sort. Instead, the jury answered: "ALE interest as of first date of lease." ECF No. 412, Question No. 3. Immediately after the verdict, the Court observed that the jury's answer meant that "the Newmans are entitled to the interest on that apartment -- lease on the apartment because the insurance company obviously didn't front that money and so they shouldn't have been out that money and they're entitled to that interest." Apr. 19, 2024 Hr'g Tr. at 12:2-6. The Court later acknowledged that the jury "found that the Newmans had a compensatory damage that they didn't calculate." Dec. 12, 2024 Hr'g Tr. at 36:9-16 (emphasis added).

After the verdict, the Newmans maintained that "ALE interest as of first date of lease" could be calculated based on the evidence. In their motion for entry of judgment, the Newmans provided that calculation:

> The jury's answer to Question 3 requires a damages award in the amount of **$152,693.55**. The first date of the Newmans' apartment lease for which they were entitled to ALE benefits was February 15, 2019. ECF No. 387, Trial Tr., Day 3 at 54:18-55:25. American Home made the $1,400,000 ALE payment on October 15, 2020. *See* ECF No. 419-41, Trial Exhibit P-078 (Appraisal Award); ECF No. 407, Trial Tr., Day 8 at 254:14-25, 255:4-5; *see also* ECF No. 173, ¶¶ 18-19. As calculated pursuant to Fla. Stat. § 55.03, the interest on $1,400,000 for the period from February 15, 2019 to October 15, 2020 is $152,693.55.

ECF No. 425 ¶ 4.

The Court disagreed that "ALE interest as of first date of lease" could be calculated. The Court recognized that "Plaintiffs rely on evidence of the Lease itself, which reflects a start date of February 15, 2019 and rent due of $40,000.00 a month, as well as the date that Defendant made the $1.4 million ALE payment to Plaintiffs," and acknowledged that, "[a]t trial, Plaintiffs also presented testimony that Defendant paid Plaintiffs $1.4 million for ALE based upon monthly rent of $40,000.00 for the term of the Lease." ECF No. 449 at 7. The Court, however, ruled that "this evidence is insufficient to calculate the amount of ALE interest due because it fails to show how much money Plaintiffs actually paid in rent and for how many months, the source of those funds, and whether the funds would have otherwise generated interest at a specified rate." *Id.*

A new trial is the proper remedy compelled by the Court's ruling. When the evidence is insufficient to calculate damages awarded by a jury, a new trial—not judgment for the defendant—is the established remedy. *See Aronowitz*, 513 F.3d at 1239, 1242-43 (ordering a new trial where "the evidence presented was insufficient to provide any reasonable certainty by which to calculate damages" and "no yardstick was given to the jury that could be used to determine [damages] with reasonable certainty"); *Montcrief*, 133 F.4th at 409 ("The district court expressly determined that

11

the trial record did not contain sufficient evidence from which to calculate damages. We thus hold that the district court should have granted a new trial on damages with respect to the Testing Only claims."); *Windsor*, 318 F.R.D. at 155 (granting a new trial based on "a damages award that cannot be explained on any view of the facts"); *Panosyan*, 219 So. 3d at 971 ("[N]either the interest nor the escrow advance awards were supported by competent substantial evidence. The appropriate remedy is to reverse and remand the judgment for further proceedings to properly establish the correct amount due and owing.") (citation and internal quotation marks omitted).

To be clear, the Newmans maintain their stated positions and do not forfeit or waive any prior arguments. But the Court has not been asked to evaluate the verdict under the Rule 59 new trial standard. That evaluation is now squarely before the Court, and it should result in a new trial.

**B.      <u>Ambiguity in the jury's answer to Question No. 3 requires a new trial.</u>**

Independently, when an insurmountable ambiguity exists in a jury's verdict, the trial court may "order a new trial on some or all of the issues." *Burger King Corp.*, 710 F.2d at 1489; *Richmond v. Madison Mgmt. Grp., Inc.*, 918 F.2d 438, 462 (4th Cir. 1990) ("We think the jury's award is simply ambiguous …. In light of the ambiguity, we believe that a new trial limited to compensatory damages is in order."); *Burger v. Int'l Union of Elevator Constructors Loc. No. 2*, 498 F.3d 750, 754 (7th Cir. 2007) ("Because neither interpretation of the jury's verdict can be squared with the requirement that Burger's lost wages must be the same regardless of whether liability exists under count one, count two, or both counts, we must regrettably remand the case for a new trial on damages only.").

In *Burger King*, a jury assessed allegations that Burger King improperly terminated certain franchise agreements. A special interrogatory asked the jury to select whether (a) Burger King properly terminated all of the agreements; (b) Burger King wrongfully terminated all of the agreements; or (c) Burger King properly terminated the franchises listed in column one and wrongfully

terminated the franchises listed in column two. The jury circled alternative (c), but after designating some franchise numbers under the properly terminated column, crossed them out and wrote "none." The jury then specified only 12 of the 27 franchise agreements at issue in the wrongfully terminated column. 710 F.2d at 1488. The district court ordered a new trial because it was "very uncertain ... whether [the jury] made any determination as to the other restaurants [not listed]" and could not "resolve this ambiguity." *Id.* The Eleventh Circuit agreed that "is not clear what the jury found" and affirmed the new trial order. *Id.* at 1489.

Here, as in *Burger King* and the decisions of courts across the country, the ambiguity in the jury's verdict independently warrants a new trial. The jury did not simply award damages that could not be calculated; it did so by writing an ambiguous phrase— "ALE interest as of first date of lease"—where the verdict form called for a number. That ambiguity is precisely the kind of insurmountable confusion that has consistently required a new trial.

## C. By not writing a number next to the dollar sign on the verdict form, the jury failed to follow the Court's instructions, requiring a new trial.

"Failure by the jury to follow the court's instructions, which results in prejudice to the moving party, is a proper ground for a new trial." *Alphamed Pharms. Corp.*, 432 F. Supp. 2d at 1356, *aff'd,* 294 F. App'x 501; *J.A. Jones Const. Co. v. Steel Erectors, Inc.*, 901 F.2d 943, 944 (11th Cir. 1990) (affirming new trial where "the jury disregarded the court's instructions with regard to [counterclaimant's] claim for delay damages"); *Chicago, R.I. & P. R. Co. v. Speth*, 404 F.2d 291, 295 n.4 (8th Cir. 1968) ("A new trial should be awarded if it is patent from the instructions that the jury's award disregards the court's clear direction …. [T]he judgment of damages is vacated and the cause is remanded to the trial court for a new trial on damages alone.")

Here, the Court directed the jury to write a monetary figure preceded by a "$" sign. *See* ECF No. 412, Question No. 3. The jury failed to follow that instruction, writing an ambiguous

13

phrase referring to the concept of interest—to the Newmans' clear and manifest detriment. This failure to follow the Court's instructions independently warrants a new trial.

## II.      The new trial should be limited to deciding the consequential damages resulting from American Home's violation of the UCSPA.

When a verdict form contains separate interrogatories, and a new trial is required because of the jury's answer to a damages interrogatory, the appropriate remedy is a "new trial *exclusively* as to the amount of damages." *Aronowitz*, 513 F.3d 1242 (emphasis added); *McBride v. Carnival Corp.*, 102 F.4th 1194, 1206 (11th Cir. 2024) ("[W]e reverse in part the district court's denial of McBride's Rule 59 motion and remand for a new trial limited to the *sole* issue of past pain and suffering damages related to the past medical expenses the jury awarded.") (emphasis in original); *Overseas Private Inv. Corp. v. Metro. Dade County*, 47 F.3d 1111, 1116 (11th Cir. 1995) ("Because the liability issues were properly and clearly decided by the jury, the remedy in this instance is to remand the case to the district court for a new trial on the amount of damages *only*.") (emphasis added); *Hadra v. Herman Blum Consulting Eng'rs*, 632 F.2d 1242, 1245 (5th Cir. 1980) ("The district court did not err in granting a new trial *only* as to damages arising from the breach of the employment contract.") (emphasis added).

The principle underlying these decisions—that a new trial should be as narrow as the error it is designed to correct—has constitutional roots. The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII. This is known as the "Reexamination Clause," although the Eleventh Circuit has noted that "[i]t might be more accurately described as the 'Anti-Reexamination Clause' because it protects the flank of the Jury Trial Clause by forbidding reexamination in any federal court of a 'fact tried by a jury' other 'than according to the rules

of the common law.'" *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1127, 1129 (11th Cir. 2020) (quoting U.S. Const. Amend. VII).

The crucial determination for Reexamination Clause purposes is "whether the issue on which a party seeks partial retrial is 'separable'—that is, whether the issue is 'so distinct and independent of the others ... that it can be separately tried.'" *Id.* at 1130 (quoting *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499 (1931)). The Eleventh Circuit has applied the "Reexamination Clause standard a number of times, usually affirming a district court's grant of a partial retrial of an issue before a new jury or ordering one ourselves." *Id.* (citing *Overseas Private Inv. Corp.*, 47 F.3d at 1113, 1116; *Roboserve, Ltd. v. Tom's Foods, Inc.*, 940 F.2d 1441, 1447 (11th Cir. 1991); *Burger King Corp.*, 710 F.2d at 1487; *Mfg. Research Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1041-42 (11th Cir. 1982)).

The verdict form here contains separate interrogatories, and the damages question is entirely separate from the jury's other determinations. Even considering the Court's post-verdict rulings, every aspect of the jury's verdict in favor of the Newmans is clear and supported by the evidence *except* the jury's damages answer to Question No. 3: "ALE interest as of first date of lease." There is no dispute as to the meaning of the jury's answer to Question No. 2—American Home violated the UCSPA in handling Plaintiffs' claim. Nor is there any dispute as to the meaning of the jury's answer to Question No. 4—American Home's October 15, 2020 payment was untimely.

The new trial should not encompass every issue addressed at the first trial. The new jury can be instructed that a prior jury determined American Home violated the Florida Unfair Claim Settlement Practices Act in handling Plaintiffs' claim, and that the new jury's sole task is to answer one straightforward question: "Please state the amount of the Newmans' damages, if any, that you

find was reasonably foreseeable as a result of American Home's bad faith conduct and/or its violation(s) of the Florida Unfair Claim Settlement Practices Act." ECF No. 412, Question No. 3. Each side can present evidence and arguments on this question, and the jury can render a clear, calculable verdict.

If the verdict results in a numerical answer to that question supported by the evidence and the law, the Newmans would then be entitled to a judgment comprised of their consequential damages, statutory interest as determined by the April 2024 jury, together with reasonable attorneys' fees and costs. *See* Fla. Stat. § 624.155(4), (8); Fla. Stat. § 57.041; Fla. Stat. § 55.03.

## CONCLUSION

The amended judgment in favor of American Home exists for one reason alone: the jury wrote an ambiguous phrase for compensatory damages where the verdict form directed it to write a monetary figure, and the Court held that damages could not be calculated from that phrase.

A judgment against the Newmans is not what the jury intended. No further evidence of that intent is needed beyond the verdict itself: the jury answered Question 2 in the Newmans' favor, then wrote a non-numerical formula in response to Question 3 rather than "$0" or anything similar. A judgment in favor of American Home in light of those findings is fundamentally inconsistent with settled notions of justice, equity, and fairness—and would result in a windfall to an insurer already found by a jury to have violated Florida law.

Under the Rule 59 standard, a new trial limited to damages is the proper—and only just—remedy.

16

Dated: April 13, 2026

Respectfully submitted,

**REED SMITH LLP**
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

*/s/ Richard H. Lumpkin*
Richard H. Lumpkin
Florida Bar No. 308196
hlumpkin@reedsmith.com
Matthew B. Weaver
Florida Bar No. 4285
mweaver@reedsmith.com
Jessica Gopiao
Florida Bar No. 1011789
jgopiao@reedsmith.com

M. Patrick Yingling (*pro hac vice admitted*)
REED SMITH LLP
10 S. Wacker Dr., 40th Fl.
Chicago, IL 60606
Telephone: (312) 207-2834
Facsimile: (312) 207-6400
mpyingling@reedsmith.com

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Plaintiffs conferred with counsel for Defendant in a good faith effort to resolve

the issues raised in this motion, but Defendant opposes the relief requested herein.

*/s/ Richard H. Lumpkin*
Richard H. Lumpkin

17

18

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk

of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of

record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Richard H. Lumpkin*
Richard H. Lumpkin
