UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 22-cv-20979-JB

MICHAEL NEWMAN, as Personal Representative of the ESTATE OF JOEL NEWMAN, and EDITH NEWMAN,

Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY, INC.,

Defendant.
_________________________________/

**DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL ON DAMAGES**

Defendant American Home Assurance Company, Inc. ("American Home") responds in opposition to Plaintiffs' untimely and insufficient motion for a new trial (DE 486) (the "Motion") and in support states:

## INTRODUCTION

Having failed to prove compensable damages at trial, having declined to request that the jury revisit its verdict before discharge, and having unsuccessfully pursued multiple post-trial remedies over the ensuing two years, Plaintiffs now seek yet another bite at the apple—a new trial on damages under Rules 50(d) and 59. Plaintiffs argue that a new trial on damages as to verdict Question No. 3 is appropriate because, according to them, "the evidence presented was insufficient to provide any reasonable certainty by which to calculate damages" awarded. Motion at 7. Plaintiffs' Motion is meritless and should be denied on three independent grounds.

First, Plaintiffs waived the very relief they now seek by declining to challenge the jury's answer to Question 3 before the jury was discharged. Second, a new trial is not warranted where

the verdict resulted from Plaintiffs' complete failure of proof at trial and not an imprecise or unsupported calculation. Plaintiffs did not plead or prove "ALE interest as of first date of lease" at trial and, therefore, this failure cannot be remedied by a new trial. The cases Plaintiffs cite are distinguishable and do not support a new trial here. Unlike in *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229 (11th Cir. 2008), and the other authorities Plaintiffs invoke, the deficiency here is not a gap in the trial record that can be filled on retrial. Third, because Plaintiffs' new-trial arguments bear no relationship to the Court's alteration of the original Judgment, those arguments are untimely and waived. Finally, a new trial on damages would result in substantial prejudice to American Home.

**STATEMENT OF FACTS**

This is a first-party insurance bad faith action arising out of a homeowners' property damage claim. Plaintiffs' Amended Complaint alleged violations under Sections 624.155(1), Florida Statutes, and sought compensatory damages, attorneys' fees and costs, and punitive damages. DE 42 (Amended Complaint) at 35-41. The case proceeded to trial, and on April 19, 2024, the jury returned a verdict, which found that American Home did <u>not</u> act in bad faith in its handling of Plaintiffs' insurance claim (Question 1) but did violate Florida's Unfair Claim Settlement Practices Act (Question 2). DE 412 (Verdict Form) at 1. The jury declined to award any of the compensatory damages Plaintiffs pled or sought at trial and, instead, awarded "ALE interest as of first date of lease" (Question 3). *Id.* at 2. Critically, before discharging the jury, the Court held a sidebar with the parties' counsel to address the non-numerical answer to Question 3. DE 413 at 7-17. Plaintiffs' counsel initially stated that he "would like [the jury] to put a number there" but then withdrew this request in favor of "put[ting] the interest calculation in [the Court's] hands." DE 413 at 7:18-19, 15:12-16:3, 17:4-6. The jury was then discharged.

Based on the jury's findings and evidence at trial, the Court concluded that Plaintiffs' compensatory bad faith damage was $0 as there was no evidence in the trial record by which to calculate the "ALE interest as of first date of lease" referenced by the jury. DE 449 (Order on Cross Motions for Entry of Judgment) at 5-7. As the Court explained, Plaintiffs "presented no evidence at trial to show that they paid $1.4 million in rent under the Lease and lost interest on that amount by, for example, using funds from a financial account that generated interest at a certain rate." *Id.* at 7.[1]

On March 17, 2026, the Court issued an order granting American Home's motion, denying Plaintiffs' motion, vacating the prior judgment, and finding that Plaintiffs did not establish a legally cognizable claim under Section 624.155, Florida Statutes. DE 478 (Omnibus Order on Post-Trial Motions) at 3, 14-15. The Court held that "[a]bsent damages, Plaintiffs have not established a legally cognizable claim under Section 624.155" and that "statutory interest pursuant to Section 627.70131 is not available, and Defendant is entitled to judgment in its favor." *Id.* at 13-14. The Amended Judgment did not revisit or alter the zero-dollar compensatory damage determination of ALE interest in the original Judgment.

## APPLICABLE LAW

After a jury trial, the "court may, on motion, grant a new trial on all or some of the issues" to any party for "any reason for which a new trial has heretofore been granted in an action at law

[1] The Court initially entered a judgment for Plaintiffs in the amount of $337,925.68 based on the jury's response to Question 4. DE 450 (Initial Judgment). On March 24, 2025, Plaintiffs filed a Motion to Alter or Amend the Final Judgment to Include Nominal Damages under Rule 59(e) and 60(b), as well as a Motion for Judgment as a Matter of Law on Statutory Interest and Memorandum of Law in Support. DE 455 (Plaintiffs' First Rule 59 Motion); DE 461 (Plaintiffs' Motion for Judgment). American Home filed a Motion to Alter or Amend Judgment Under Federal Rule 59(e), to Correct an Error Under Federal Rule 60, or, in the Alternative, to Enter Judgment as a Matter of Law under Federal Rule 50(b). DE 457 (Defendant's Motion to Alter or Amend Judgment).

in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b); Fed. R. Civ. P. 50(d) ("Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment."). "The decision to grant a new trial pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure is committed to the discretion of the trial court." *SEC v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1239 (S.D. Fla. 2022) (quotation marks omitted).

"When ruling on a motion for a new trial, a trial judge must determine if in his [or her] opinion, the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *See Ins. Co. of N. Am. v. Valente*, 933 F.2d 921, 922-23 (11th Cir. 1991) (citation modified). "To assure that the judge does not simply substitute his judgment for that of the jury," "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *See id.* at 923 (citation modified). "Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for a new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" *Alphamed Pharms. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1334 (S.D. Fla. 2006) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

## ARGUMENT

### I. Plaintiffs Waived Their Right to Seek a New Trial on Damages.

#### A. Plaintiffs Failed to Request that the Jury Correct Its Verdict Before Discharge.

The Motion should be denied because Plaintiffs waived the precise relief they now seek. Plaintiffs argue, in part, that there was an "insurmountable ambiguity" in the verdict that must be remedied with a new trial. Motion at 7. However, challenges to the inconsistency of special verdicts must be raised before the jury is excused, and Plaintiffs clearly failed to seek a proper remedy at the appropriate time. *Coralluzzo v. Educ. Mgmt. Corp.*, 86 F.3d 185, 186 (11th Cir. 1996) ("This Court has repeatedly held that all challenges to the inconsistency of special verdicts must be raised before the jury is excused.") (citing *Golub v. J.W. Gant & Assocs.,* 863 F.2d 1516, 1521 n. 4 (11th Cir. 1989); *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1261 (11th Cir. 1983); *Austin–Westshore Constr. Co. v. Federated Dep't. Stores,* 934 F.2d 1217, 1226 (11th Cir. 1991)); *see also Sands v. Kawasaki Motors Corp. U.S.A.*, 513 F. App'x 847, 857 (11th Cir. 2013) (applying *Coralluzzo*).

Here, the record is unequivocal. Immediately after the verdict was read, the Court held a sidebar with counsel and asked "what, if anything, do you want me to do with this jury?" DE 413 at 8:21-22. Plaintiffs' counsel initially stated that they "would like [the jury] to put a number there [in response to Question 3]," but then withdrew that request. *Id.* at 7:18-19, 15:12-16:3, 17:4-6. Plaintiffs did not ask the Court to send the jury back to deliberate further on damages, thereby waiving any post-verdict right to do so. The jury was then discharged. Plaintiffs made a deliberate decision <u>not</u> to request that the jury determine damages and, rather than ask the Court to resubmit Question 3 to the jury, or at least object to the non-numerical answer, Plaintiffs chose to keep the non-numerical language in the verdict and have this addressed in post-trial proceedings. Having

made that choice, they cannot now claim they are entitled to an entirely new trial after choosing not to request that the jury calculate a numerical damages amount. In *Coralluzzo*, the defendants admitted liability, and the jury, by special verdict, awarded past medical expenses of $15,000, and punitive damages of $5,000, but awarded no damages for pain and suffering. 86 F.3d at 186. The plaintiffs sought a new trial grounded on the failure of the jury to award damages for "indisputable" pain and suffering and loss of consortium. *Id.* The Eleventh Circuit affirmed the denial of the new trial "on the ground that the plaintiffs failed to object to the verdict at the time it was returned and did not request that the damages issue be resubmitted so that the jury could remedy the legal defect before it was discharged." *Id.*

A party cannot gamble on a favorable post-verdict ruling and then, when the gamble fails, demand a new trial. *See id.* ("To allow a new trial after the objecting party failed to seek a proper remedy at the only time possible [i.e., before the jury is discharged] would undermine the incentives for efficient trial procedure . . . ") (quoting *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir. 1981)). This waiver is dispositive and fatal to Plaintiffs' Motion. The appropriate time to address an ambiguous or deficient verdict is before the jury is discharged, when the issue can be corrected efficiently and without the extraordinary cost and burden of a new trial. *See Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1259–60 (11th Cir. 2015) ("'The reason for this particular raise-it-or-lose-it rule is that if the inconsistency is raised before the jury is discharged, the jury can be sent back for further deliberations to resolve the inconsistency in its verdict or interrogatory answers,' but once the jury is gone 'that is not possible.'") (quoting *Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1225 (11th Cir. 2012)). Plaintiffs' primary authority cited for this argument, *Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983), did

not involve any issues of waiver and is thus inapplicable. Here, Plaintiffs forfeited their opportunity to address Question 3, and the Motion should be denied on this basis alone.

## II. A New Trial Is Not the Proper Remedy Because Plaintiffs' Failure of Proof Cannot Be Cured by Retrial.

Even setting aside waiver, Plaintiffs' Motion fails because a new trial is not the proper remedy under the circumstances of this case. The cases Plaintiffs cite involve situations where a jury's damages award was supported by some evidence but could not be precisely calculated—that is, where there was a gap in the calculation, not a fundamental failure of proof as occurred here.

### A. Plaintiffs Failed to Plead, Present Evidence of, or Argue the Damages the Jury Wrote on the Verdict Form.

The record is undisputed that the category of damages the jury identified, "ALE interest as of first date of lease," was not pled by Plaintiffs in the Amended Complaint, was not sought at trial, and was not argued to the jury. As the Court observed during oral argument, "I don't think you could recover it" because "[n]obody ever made that argument" to the jury.[2] DE 446, Tr. at 13:16-25.

The three categories of ALE-related damages that Plaintiffs actually pled and pursued were either disposed of on summary judgment or abandoned at trial. As to the first category of ALE expenses (storage costs, internet, cable), the Court held these should have been requested as part of the ALE appraisal. DE 337 at 38-39. As to the second category (fair rental value), the Court found no evidence that Plaintiffs suffered damages. *Id.* at 43. As to the third category (lost rental

[2] In contrast, the same lawyers representing Plaintiffs in this case included on the verdict form in *Sebo* a category for "interest on debt." DE 87-1. ALE interest is simply not an issue that was pled, tried, or proven by Plaintiffs in this case.

opportunities from photoshoots), Plaintiffs' counsel expressly conceded at trial: "I agree. We haven't presented evidence on the photoshoot issue." DE 398, Tr. at 255:9-14, 272:8-9.

As this Court has now recognized more than once, Plaintiffs presented no evidence at trial to support a damages calculation based on "ALE interest as of first date of lease." DE 449 at 7 and DE 478 at 13-14. "**You never asked for it**, **you didn't plead it**, **you never asked for it**." DE 446, Tr. at 5.[3] "You entered no evidence with respect to [the interest]. The jury verdict answer on three… didn't have a number to it, because there was no evidence." DE 446, Tr. at 14:10-12.

The trial record contained no evidence showing "how much money Plaintiffs actually paid in rent and for how many months, the source of those funds, and whether the funds would have otherwise generated interest at a specified rate." DE 449 at 7. As American Home's counsel explained at oral argument on the first set of post-trial motions, "there is no evidence that they [the Plaintiffs] made a single payment for the lease" and "they also haven't told this Court what the interest rate would be." DE 446, Tr. at 24:4–7. The jury simply lacked the evidence it needed to calculate a dollar figure because Plaintiffs never put that evidence in.

This is a classic failure of proof, not a correctable verdict deficiency. Plaintiffs had the burden of proving damages with competent evidence. The jury was instructed that it was "the responsibility of the Newmans to prove every essential part of their bad faith claims by a 'preponderance of the evidence.'" DE 411 (Jury Instructions) at 10. Plaintiffs failed to carry that burden. A new trial cannot cure a party's failure to prove its case.

The only coherent interpretation of the jury's answer to Question 3 is that it reflected statutory interest under Section 627.70131—the only ALE-related remedy Plaintiffs actually tried.

---

[3] Granting Plaintiffs' motion would effectively allow Plaintiffs to amend their complaint post-trial to assert a new category of damage they did not plead and did not request to be awarded from the jury.

DE 432 at 7, 11; DE 438 at 5-6. The Court's jury instructions advised the jury that if it found American Home's conduct "resulted in reasonably foreseeable damages, then you should consider whether the Newmans are entitled to statutory interest" and that the Court would "calculate and award the statutory amount at the conclusion of the case." DE 411 at 14. The only instruction the jury received referencing interest was the instruction regarding statutory interest. Thus, the "logical and probable"—and only rational—reading of the jury's answer is that it identified the statutory interest on ALE and, following the Court's instruction, left the calculation to the Court. *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1200 (11th Cir. 2004). This interpretation does not rest on a finding of juror confusion or that the jury refused to follow instructions, as Plaintiffs now argue, Motion at 7, 13; on the contrary, it rests on the presumption that the jury *followed* the Court's instructions. *See CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) ("[I]n all cases, juries are presumed to follow the court's instructions."); *Kleiman v. Wright*, 2023 WL 7039512, at *7 (11th Cir. Oct. 26, 2023) ("A jury is presumed to follow its instructions, and we see nothing to indicate that the jury in this case did otherwise.").

**B. This Court Has Already Determined That Plaintiffs Failed to Establish a Legally Cognizable Claim.**

The Omnibus Order conclusively resolved the damages issue. The Court held that "the jury effectively answered $0 when asked to state the amount of Plaintiffs' damages because Plaintiffs did not introduce evidence to support the category of damages identified." DE 478 at 13-14. The Court further held that "[a]bsent damages, Plaintiffs have not established a legally cognizable claim under Section 624.155." *Id.*

Under Florida law, damages are an essential element of a bad faith cause of action under Section 624.155. *Id.* at 12-13. As explained by the Court, "damages will be a necessary element explicitly required by the language of section 624.155(1)." *Id.* at 13 (quoting *Conquest v. Auto-*

*Owners Insurance Company*, 773 So. 2d 71, 75 (Fla. 2d DCA 1998)) (internal marks omitted). Where an insured fails to present evidence justifying a specific amount of economic damages, "the carrier is entitled to judgment in its favor on plaintiff's claim for bad faith damages." *Id.* (quoting *United Auto. Ins. Co. v. Colon*, 990 So. 2d 1246, 1248 (Fla. 4th DCA 2008)).

*Colon* is directly on point. In *Colon*, the jury returned a verdict for bad faith damages of $60,000, but the Fourth DCA reversed and directed entry of judgment in favor of the insurer because "plaintiff offered no evidence on which to justify any amount of economic damages resulting from the carrier's bad faith conduct." *Colon*, 990 So. 2d at 1247-48. The court explained that the proper remedy for a complete failure of proof on damages is judgment for the defendant — not a new trial. *Id.* at 1248. The same result is compelled here.

**C. Plaintiffs' Cited Authorities Are Distinguishable.**

The authorities Plaintiffs cite do not support a new trial under the facts of this case. In *Aronowitz, supra*, the Eleventh Circuit affirmed a new trial on damages where the jury returned a $2.6 million verdict. The issue in *Aronowitz* was that the award was impermissibly speculative because it was impossible to determine what factors the jury could have considered to reach its decision and, thus, could not "be established with reasonable certainty" as required for an award of expectation damages. *Aronowitz*, 513 F.3d at 1243.

Here, by contrast, the deficiency is not one of calculation precision. Plaintiffs never pled, tried, or argued the category of damages the jury identified. There is no evidentiary "gap" to be filled at a new trial because there is no legally cognizable compensatory damage at all.[4] Ordering

[4] The remaining cases Plaintiffs cite are inapplicable because they involved actual damage determinations based upon pled and tried issues supported by evidence. *Windsor v. Eaves*, 318 F.R.D. 153 (N.D. Fla. 2016) (jury awarded damages that were patently inadequate and inconsistent with evidence); *Panosyan v. CitiMortgage, Inc.*, 219 So. 3d 970 (Fla. 4th DCA 2017) (jury's award on pled damages lacked competent substantial evidence, unlike here where the damages category

a new trial so Plaintiffs may now attempt to prove damages they never pled and never sought at the first trial would be fundamentally unfair and contrary to well-established principles of law. *See Cioffe v. Morris*, 676 F.2d 539, 541 (11th Cir. 1982) ("[A] judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties.").

Plaintiffs also rely on *U.S. ex rel. Montcrief v. Peripheral Vascular Associates, P.A.*, 133 F.4th 395 (5th Cir. 2025), which actually supports denial of Plaintiffs' motion because, unlike Plaintiffs, the plaintiff in *Montcrief* presented "plenty of evidence supporting a determination that the Government suffered some nonzero amount of damages . . . ." *Id*. at 409 n.10.

In *Montcrief*, relators brought a False Claims Act case and tried a specific damages theory to the jury, which returned a verdict awarding $408,765 in damages for a particular category of damages that were pled and tried. The deficiency arose only after trial, when the district court set aside the jury's damages verdict and adopted a new model of damages calculated from a post-trial expert declaration that was "never shown to the jury" and was "not subject to cross-examination." *Id*. at 409. The Fifth Circuit held that it was "improper for the district court to allow Relators to submit additional proof — their expert declaration — and to rely on that proof, which was never shown to the jury, to enter a damages award." *Id*. at 408. Because the district court had concluded

---

itself was never pled or tried); *Richmond v. Madison Mgmt. Grp*., 918 F.2d 438, 462 (4th Cir. 1990) (ordering new trial on compensatory damages where the jury's award was ambiguous as to the *amount* of damages on claims the plaintiff actually pled and tried, unlike here, where the jury identified an entirely unpled damages category unsupported by any evidence); *McBride v. Carnival Corp*., 102 F.4th 1194 (11th Cir. 2024) (remanding for new trial limited to past pain and suffering damages where the jury had already awarded $10,543.59 in past medical expenses—a pled and tried damages category—but inexplicably awarded zero for the accompanying and undisputed pain and suffering).

that the trial record was "insufficient" to calculate the precise measure of damages under the court's new model of damages, a new trial was required to allow a jury to perform that calculation.

This case is the opposite of *Montcrief* in every material respect. There, the plaintiff pled a specific damages theory, tried it to the jury, and obtained a verdict — the deficiency was procedural, arising from the district court's improper post-trial recalculation using untested evidence. Here, Plaintiffs did not plead "ALE interest as of first date of lease" in their Amended Complaint, never sought it at trial, never argued it to the jury, and presented no evidence from which such damages could be calculated. *See* DE 446, Tr. at 13:16–25 (Court observing during oral argument: "I don't think you could recover it" because "[n]obody ever made that argument" to the jury). Unlike in *Montcrief*, where the trial record "contained plenty of evidence" supporting the damages category at issue, 133 F.4th at 409, this Court found that Plaintiffs "presented no evidence at trial to show that they paid $1.4 million in rent under the Lease and lost interest on that amount." DE 449 at 7. The deficiency here is not one of calculation but of a complete failure of proof on an unpled damages theory.

*Montcrief* itself drew this very distinction. The Fifth Circuit ordered a new trial precisely because there was ample trial evidence of some damages — the only issue was the precise measure. *See id*. at 409 ("PVA argues that Relators completely failed to prove damages. However, although the district court concluded that the trial record was insufficient for calculating the exact measure of damages, the trial record contained plenty of evidence supporting a determination that the Government suffered some nonzero amount of damages."). That reasoning does not apply here. This Court has already determined that Plaintiffs' damages under Question 3 are zero — not because of imprecision, but because the category of damages identified by the jury was never pled,

tried, or supported by evidence. DE 478 at 13–14. A new trial would not fill a "gap" in the evidence; it would allow Plaintiffs to present an entirely new case on damages they never pursued.

### III. Plaintiffs Waived Their Right to Seek a New Trial Based on the Jury's Answer to Question 3 on the Verdict.

Plaintiffs assert that they are entitled to seek a new trial now because the March 17, 2026 Amended Judgment is the first time the Court has entered judgment against them. Motion at 1 n.1. While a motion may be allowed under Rule 50(d), the motion Plaintiffs filed here raises arguments that could and should have been raised prior to or 28 days after the original Judgment was entered. Although the Amended Judgment was entered against the Newmans, their motion for a new trial is not related to any changes between the initial Judgment and the Amended Judgment, rendering their arguments untimely and waived.

The Court's original Judgment awarded no "ALE interest as of first date of lease." Instead, it awarded statutory penalty interest following an Order determining that there was no evidentiary basis in the record for the Court to invent an amount of ALE that was not pled or requested at trial. Not only were the grounds Plaintiffs now assert in support of a new trial known to them since before the original Judgment was entered, but the grounds Plaintiffs raise now are diametrically opposed to the arguments Plaintiffs made in their prior post-trial briefing.

The general rule is that "the second judgment prevails and begins the running of the [28-day] limitation, if it is a superseding judgment making a change of substance which 'disturbed or revised legal rights and obligations.'" *Cornist v. Richland Par. Sch. Bd.*, 479 F.2d 37, 38–39 (5th Cir. 1973) (quoting *Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-212 (1952)). However, "'although a timely post-judgment motion opens up the earlier judgment . . . the non-moving party may not then make its own untimely request for alteration of the judgment on a wholly independent ground.'" *Johnston v. Borders*, No. 615CV936ORL40DCI,

2019 WL 8105895, at *2 (M.D. Fla. June 28, 2019) (quoting *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 521 (7th Cir. 1993)). "For an amended judgment to constitute a new judgment with a new period for filing Rule 59 motions, the second Rule 59 must bear some relationship to the district court's alteration of the original judgment." *Id.*; *see also Tru-Art Sign Co. v. Local 137 Sheet Metal*, 852 F.3d 217, 221 (2d Cir. 2017) ("When both an initial judgment and an amended judgment exist, the timeliness of a Rule 59(e) motion is determined from the date of the amended judgment only if the motion bears some relationship to the district court's alteration of the first judgment.").

This is Plaintiffs' second motion under Rule 59. They now seek a new trial because they do not like the result of their prior post-judgment motions, effectively rendering the Motion one for reconsideration. "[T]he Motion bears no relationship to the Court's alteration of the Original Judgment." *Johnston*, 2019 WL 8105895, at *3 (citing *McNabola*, 10 F.3d at 521). Instead, "the Motion is [Plaintiffs'] attempt to 'make [their] own untimely request for alteration of the [Amended Judgment] on a wholly independent ground.'" *Id.* (quoting *McNabola*, 10 F.3d at 521); *see also Tru-Art Sign*, 852 F.3d at 222 (holding that a Rule 59(e) motion filed after entry of a second judgment was untimely where the motion sought to challenge the first judgment and bore no relationship to the alteration that gave rise to the second judgment). Indeed, as the Seventh Circuit held,

> The time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final. The [28] days runs from the initial judgment, so later motions are not timely. Yet the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings. The purpose of the rule suggests that when a court *alters* its judgment, *a person aggrieved by the alteration may ask for correction.*

*McNabola*, 10 F.3d at 521 (quoting *Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir. 1986)) (alteration in original). Here, Plaintiffs were not "aggrieved by the alteration" of the judgment; they are "aggrieved" by the jury's findings, which they could have challenged before the jury was discharged but elected not to do so. As such, under these facts, Plaintiffs' motion is waived.

All of the issues Plaintiffs now raise in their Motion were available and known to them when they filed their post-trial motions. *See* DE 425, 435, 455, 461. Plaintiffs repackage the same issues they previously raised as supporting a *calculable* judgment in their favor, as now purportedly establishing that the verdict was *ambiguous*, *insufficient*, and *non-compliant with the Court's instructions*, thereby requiring a new trial.

| Original Post-Trial Motions | Motion for a New Trial |
|---|---|
| "The jury's answer to Question 3 **requires** a damages award in the amount of $152,693.55." DE 425 ¶ 4 (emphasis added). | "ALE interest as of first date of lease" is an "ambiguous phrase" that "**cannot be calculated**," and thus "the evidence presented was insufficient to provide any reasonable certainty by which to calculate damages." DE 486 at 8–9 (emphasis added). |
| "[T]he jury was entitled to view the ALE as the appraisal panel viewed it and award damages based on the full amount of ALE—$1,400,000—that was reasonably foreseeable 'as of the first date of the lease.'" DE 435 at 13. | "The jury did not simply award damages that could not be calculated; it did so by writing an ambiguous phrase—'ALE interest as of first date of lease'—where the verdict form called for a number. That ambiguity is precisely the kind of insurmountable confusion that has consistently required a new trial." DE 486 at 12. |
| "The jury was instructed to provide an answer for 'damages,' and courts must presume that juries follow their instructions." DE 435 at 10. | "By not writing a number next to the dollar sign on the verdict form, the jury failed to follow the Court's instructions, requiring a new trial." DE 486 at 12–13. |

The only thing that has changed since the jury rendered its verdict is Plaintiffs' legal argument, which could and should have been raised within 28 days of the original Judgment. Plaintiffs should not be permitted to lie in wait regarding errors they contend existed at trial only

to raise those issues for the first time after the Court amends the Judgment on an entirely separate matter.[5]

**IV. A New Trial Would Cause Substantial Prejudice to American Home.**

A new trial limited to damages would be fundamentally prejudicial to American Home. It would permit Plaintiffs to present evidence and arguments on damages that they did not plead, did not pursue at trial, and did not argue to the jury, effectively granting Plaintiffs a second chance to prove a case they failed to prove the first time. This is precisely the kind of "second bite" that Rule 59 does not allow.

Moreover, Plaintiffs suggest that a new jury could be instructed "that a prior jury has already determined that American Home violated the UCSPA." Motion at 15-16. That proposal underscores the prejudice: American Home would be forced to defend on damages after a jury that has been told, as a given fact, that American Home committed statutory violations, stripping American Home of the ability to contextualize the evidence and present a complete defense. A partial new trial "may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). Here, the liability and damages issues are inseparable because the deficiency arises from Plaintiffs' total failure to prove the damages element of their claim, which is inextricably intertwined with whether Plaintiffs established a legally cognizable claim at all.

---

[5] "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Keene Corp. v. International Fidelity Ins. Co.,* 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir.1984). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Evans, Inc. v. Tiffany & Co.,* 416 F. Supp. 224, 244 (N.D.Ill.1976). Moreover they cannot be used to argue a case under a new legal theory." *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

Finally, denying Plaintiffs' motion will not result in a windfall to American Home as Plaintiffs claim. Plaintiffs were paid by American Home more than $15.5 million in appraisal while the jury accepted American Home's testimony that the reasonable cost of repairs was less than $1 million. Apr. 18, 2024 Trial Tr. at 295; DX-592 (DE 421-119); DX-558 (DE 421-114). Further, Plaintiffs were paid, at minimum, $320,000 more in ALE than they actually incurred (paid for 35 months of ALE but only incurred lease expense for 26-27 months). PX-78 [DE 419-41], DE 173-38. Thus, Plaintiffs—at the expense of American Home—have already received a windfall based on the evidence presented at trial and accepted by the jury. It is not a windfall to hold Plaintiffs to the claims they pled, the evidence they admitted at trial, or the verdict to which they agreed. The law requires nothing less.

## CONCLUSION

Wherefore, American Home respectfully requests that the Court deny Plaintiffs' Motion for a New Trial on Damages and grant such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ *Angel A. Cortiñas*
Angel A. Cortiñas, FBN 797529
DENTONS US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: 305-537-0009
angel.cortinas@dentons.com

*Counsel for Defendant American Home Assurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record by the Court's CM/ECF system.

/s/ *Angel A. Cortiñas*