**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cv-20979-JB**

MICHAEL NEWMAN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JOEL NEWMAN, AND EDITH NEWMAN,

Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY, INC.,

Defendant.
_______________________________________/

**ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL**

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for New Trial on Damages. ECF No. [486]. Defendant filed a Response in Opposition to the Motion, ECF No. [498], to which Plaintiffs replied, ECF No. [501]. Upon due consideration of the parties' submissions, the pertinent portions of the record, the relevant legal authorities, and for the reasons explained below, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion is **DENIED**.

## I. BACKGROUND

Following a two-week trial, a jury returned a verdict finding that Defendant did not act in bad faith in its handling of Plaintiffs' insurance claim but did violate the Florida Unfair Claim Settlement Practices Act. ECF No. [412]. Question 3 of the verdict form, and the jury's answer thereto, reads as follows:

**QUESTION 3:** Please state the amount of the Newmans' damages, if any, that you find was reasonably foreseeable as a result of American Home's bad faith conduct and/or its violation(s) of the Florida Unfair Claim Settlement Practices Act: ALE interest as of first date of lease

$ ____________________

ECF No. [412] at 2. As relevant here, Plaintiffs filed a Motion for Entry of Judgment which, in pertinent part, asked the Court to quantify the jury's answer to Question 3 by awarding Plaintiffs $152,693.55 in damages. ECF Nos. [425], [435]. In its Order on Cross-Motions for Entry of Judgment, the Court denied Plaintiffs' request "[g]iven the absence of competent evidence from which to calculate the amount of 'ALE interest as of first date of lease' . . . ."[1] ECF No. [449] at 7. In so ruling, the Court explained that "Plaintiffs presented no evidence at trial to show that they paid $1.4 million in rent under the Lease and lost interest on that amount . . . ." *Id.*

Plaintiffs now contend that the Court's ruling entitles them to a new trial on damages under Question 3. In the instant Motion, Plaintiffs argue that a new trial is warranted where the evidence was insufficient to calculate damages awarded by a jury. ECF No. [486] at 7–12. Plaintiffs also argue that the jury wrote an ambiguous phrase in response to Question 3, and a new trial is appropriate "when an insurmountable ambiguity exists in a jury's verdict." *Id.* at 12–13. Finally, Plaintiffs argue that a new trial on damages is required because the jury failed to follow the Court's instructions by not writing a number next to the dollar sign on the verdict form. *Id.* at 13–14.

---

[1] "ALE" stands for "additional living expenses."

Defendant filed a Response in Opposition to the Motion. ECF No. [498]. Defendant asserts that Plaintiffs waived their right to seek a new trial on damages because they failed to request that the jury correct its verdict before the jury was discharged. *Id.* at 5–7. Defendant also contends that a new trial is not appropriate where, as here, there was a complete failure of proof as to the category of damages the jury identified. *Id.* at 7–8. Defendant further argues that the jury's response to Question 3 does not reflect juror confusion or a refusal to follow instructions. *Id.* at 8–9. In addition, Defendant asserts that Plaintiffs' Motion is untimely. *Id.* at 13–16. Finally, Defendant argues that a new trial limited to damages would cause it substantial prejudice. *Id.* at 16–17.

## II. ANALYSIS

Plaintiffs move for a new trial under Rules 50(d) and 59 of the Federal Rules of Civil Procedure. Rule 50(d) provides that "[a]ny motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 50(d). Rule 59 provides that "[t]he court may, on motion, grant a new trial on all or some issues . . . as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). The Eleventh Circuit has explained that "[a] losing party may . . . move for a new trial under Rule 59 on the grounds that 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair ... and may raise questions of law arising out of alleged substantial errors in admission or

rejection of evidence or instructions to the jury.'" *McGinnis v. American Home Mortgage Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (citation omitted). The disposition of a motion for new trial is committed to the sound discretion of the trial court. *Id*. ("Thus, under Rule 59(a), a district court may, in its discretion, grant a new trial 'if in [the court's] opinion, the verdict is against the clear weight of the evidence ... or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'") (citation omitted).

Plaintiffs first argue that a new trial on damages is warranted because the Court previously ruled that the evidence was insufficient to calculate the amount of interest on the lease and, "[w]hen the evidence is insufficient to calculate damages awarded by a jury, a new trial—not judgment for the defendant—is the established remedy." ECF No. [486] at 11. The premise of Plaintiffs' argument is incorrect and the cases they rely upon undermine their position. In its Order on Cross-Motions for Entry of Judgment, the Court made clear that it could not compute "ALE interest as of first day of lease" because Plaintiffs did not introduce any evidence of this amount. *See* ECF No. [449] at 5 ("**A. There is No Evidence in the Record by Which to Compute the Amount of Damages Awarded by the Jury in Response to Verdict Question 3.**"); 7 ("Second, Plaintiffs presented no evidence at trial to show that they paid $1.4 million in rent under the Lease and lost interest on that amount by, for example, using funds from a financial account that generated interest at a certain rate."). That is, the problem for Plaintiffs was not the sufficiency of their evidence—it was the absence of evidence. Notably, Plaintiffs did not specifically ask

the jury to award them interest on the lease, nor did they even mention the lease during closing argument.

For these reasons, the cases that Plaintiffs cite in support of their position are distinguishable. *See e.g., Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1239 (11th Cir. 2008) (affirming grant of new trial where the evidence plaintiff introduced "was insufficient to provide any reasonable certainty by which to calculate damages" such that the amount awarded by the jury was speculative); *Panosyan v. Citimortgage, Inc.*, 219 So.3d 970, 971 (Fla. 4th DCA 2017) (per curiam) (remanding for new trial where "total amount of damages sought . . . included amounts for the principal balance, interest, and the escrow advance balance" but the loan histories which plaintiff relied upon to prove those damages did not support the award of interest or escrow advances); *Markland v. Bank of New York Mellon*, 206 So.3d 719, 720 (Fla. 4th DCA 2016) (per curiam) (same). Indeed, Plaintiffs' reliance on *U.S. ex rel. Montcrief v. Peripheral Vascular Assoc., P.A.* underscores why they are not entitled to the relief sought. In *Montcrief*, the Fifth Circuit noted that a new trial on damages was "preferable to rendering judgment for [defendant]" because "the trial record contained plenty of evidence supporting a determination that the Government suffered *some* nonzero amount of damages . . . ." 133 F. 4th 395, 409 n.10 (5th Cir. 2025); *see also Markland*, 206 So.3d at 721 n.1 (noting that "this is not a case where there was a total lack of evidence as to the amounts owed . . . ."). That is not the case here where Plaintiffs presented *no evidence* regarding the amount of interest on the

lease, which is the *only* damages the jury awarded for Defendant's violation of the Florida Unfair Claim Settlement Practices Act.

Plaintiffs' remaining arguments are likewise unavailing. Plaintiffs assert that a new trial is appropriate because the jury's response to Question 3 was ambiguous. ECF No. [486] at 12–13. Even if the Court agreed with Plaintiffs' characterization, Plaintiffs waived this argument because they did not object before the jury was excused or request that the issue be resubmitted to the jury—even though the Court expressly gave Plaintiffs the opportunity to do so. *See* ECF No. [413] at 10:15–20, 15:6–24, 172–6. "[T]he proper time to object to a verdict which may appear ambiguous or somehow deficient is at the time it is returned and before the jury is discharged." *Joseph v. Rowlen*, 425 F.2d 1010, 1012 (7th Cir. 1970) (quoted with approval by *Coralluzzo v. Education Mgmt. Corp.*, 86 F.3d 185, 186 (11th Cir. 1996)).

Plaintiffs also assert that a new trial is necessary because "the Court directed the jury to write a monetary figure preceded by a '$' [but] the jury failed to follow that instruction, writing an ambiguous phrase referring to the concept of interest . . . ." ECF No. [486] at 13–14. The Court does not agree. The verdict form asked the jury to state the amount of Plaintiffs' reasonably foreseeable damages, if any, resulting from Defendant's violation of the Florida Unfair Claim Settlement Practices Act. ECF No. [412] at 2. The jury responded with a description, "ALE interest as of first date of lease," rather than a dollar amount because there was no evidence in the trial record from which they could calculate those damages. The fact that the jury

attempted to express what it could not quantify reflects a concerted effort to comply with the Court's instructions, not disregard them.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for New Trial on Damages, ECF No. [486] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 17th day of August, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**